■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD VAUGHN, Appellant.—Appeals by the defendant from two judgments of the County Court, Nassau County (Kepner, J.), both rendered October 16, 1984, convicting him of two counts of robbery in the first degree, (one count under indictment No. 58766, and the other count under indictment No. 58767), upon his pleas of guilty, and imposing sentences.

Judgments affirmed.

On these appeals, the defendant claims that his pleas should not have been accepted because during his allocutions, he revealed a potential affirmative defense to the crimes of robbery in the first degree (Penal Law § 160.15 [4]), and the court thereafter failed to conduct a "further inquiry * * * to determine whether * * * [he] was aware of the significance of his statement (see, *People v Serrano,* 15 NY2d 304)" *(People v Waddell,* 66 AD2d 807). While there is merit to the defendant's contention, we cannot grant him the relief he requests, to wit, modification of his convictions of robbery in the first degree to robbery in the second degree and remittal for resentence. Absent the consent of the People, we cannot so modify the convictions *(see,* CPL 220.10 [3]; 470.15; *People v Waddell, supra).* While the defendant recognizes that he could be entitled to vacatur of his pleas, if we found merit to his contention *(see, People v Waddell, supra; cf. People v Wedgwood,* 106 AD2d 674), in his brief, he states that "[s]hould this Court find the appropriate remedy to be vacatur of his pleas of guilty, [he] respectfully requests that the judgments be affirmed".

Accordingly, in light of the defendant's explicit request, the judgments are affirmed. Lazer, J. P., Bracken, Brown, Lawrence and Kooper, JJ., concur.