■ The People of the State of New York, Respondent, v Michael Hough, Appellant.—Appeal by the defendant from seven judgments of the Supreme Court, Queens County (Joy, J.), all rendered July 5, 1989, convicting him of robbery in the third degree under Indictment No. 409/87 and robbery in the first degree (six counts, one each under Indictment Nos. 76/89, 149/89, 410/89, 437/89, 438/89, and 1427/89), upon his pleas of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

On this appeal, the defendant claims that his pleas of guilty should not have been accepted because during his allocution, he revealed a potential affirmative defense to the crimes of robbery in the first degree (Penal Law § 160.15 [4]), and the court thereafter failed to conduct a " 'further inquiry * * * to determine whether * * * [he] was aware of the significance of his statement (see, *People v Serrano,* 15 NY2d 304) *(People v Waddell,* 66 AD2d 807)' " *(People v Vaughn,* 119 AD2d 779). While there is merit to the defendant's contention, we cannot grant him the relief he requests, i.e., modification of his convictions for robbery in the first degree to convictions for robbery in the second degree. Absent the consent of the People, we cannot so modify the convictions *(see,* CPL 220.10 [3]; 470.15; *People v Waddell, supra).* While the defendant recognizes that he could be entitled to vacatur of his pleas if we found merit to his contention *(see, People v Waddell, supra; cf., People v Wedgewood,* 106 AD2d 674), in his brief, he states that "[s]hould this court find the appropriate remedy to be vacatur of his pleas of guilty, [he] respectfully requests that the judgments be affirmed".

Accordingly, in light of the defendant's explicit request, the

judgments are affirmed (see, People v Vaughn, supra). Mangano, P. J., Kooper, Lawrence, Rosenblatt and Copertino, JJ., concur.