OPINION OF THE COURT
Memorandum.
Ordered that the judgment of conviction is reversed, on the law, the count of the accusatory instrument charging theft of services pertaining to defendant’s conduct on February 13, 2012 is dismissed, and the matter is remitted to the Criminal Court for all further proceedings.
Defendant was charged in an accusatory instrument with eight counts of petit larceny (Penal Law § 155.25), eight counts of theft of services (Penal Law § 165.15 [3]), eight counts of forgery in the third degree (Penal Law § 170.05), eight counts of obstructing governmental administration in the second degree (Penal Law § 195.05), and eight counts of unlawful receipt of fare for providing access to Transit Authority facilities (21 NYCRR 1050.4 [c]), alleging that on eight different occasions defendant had been seen swiping individuals into the New York City transit system with what appeared to be a MetroCard in exchange for money, which should have been paid to the New York City Transit Authority, and that he had also been observed altering a quantity of MetroCards by bending the MetroCards along the magnetic strip. In the presence of counsel, defendant pleaded guilty to one count of theft of services pertaining to his conduct on February 13, 2012, in satisfaction of the accusatory instrument, and was sentenced to a one-year conditional discharge. On appeal, defendant challenges the facial sufficiency of the accusatory instrument pertaining to the count of theft of services to which he pleaded guilty.
At the outset, we note that the arguments raised concerning the facial sufficiency of the accusatory instrument pertaining *91 to the count of theft of services in question are jurisdictional (see People v Alejandro, 70 NY2d 133 [1987]). Thus, defendant’s claims were not forfeited upon his plea of guilty (see People v Dreyden, 15 NY3d 100, 103 [2010]; People v Konieczny, 2 NY3d 569, 573 [2004]) and must be reviewed despite his failure to raise them in the Criminal Court (see Alejandro, 70 NY2d 133). Furthermore, while defendant does not challenge the facial sufficiency of the entire accusatory instrument, we nevertheless must review the facial sufficiency of the only count challenged, to which he pleaded guilty (see People v Dumay, 23 NY3d 518 [2014] ;[1] but see People v Lineberger, 46 Misc 3d 152[A], 2015 NY Slip Op 50335[U] [App Term, 1st Dept 2015]). [2]
As defendant did not waive prosecution by information, the facial sufficiency of the count of the accusatory instrument in question must be reviewed according to the requirements of an information (see CPL 100.10 [1]; 170.65 [1], [3]; People v Kalin, 12 NY3d 225, 228 [2009]; People v Chan, 36 Misc 3d 44, 46 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]). To be facially sufficient, a count of an accusatory instrument must contain factual allegations of an evidentiary nature which establish, if true, every element of the offense charged and must provide reasonable cause to believe that the defendant committed the offense charged (CPL 100.15 [3]; 100.40 [1]; see People v Casey, 95 NY2d 354, 360 [2000]; Alejandro, 70 NY2d at 135-136; People v Dumas, 68 NY2d 729, 731 [1986]). “So long as the factual allegations of an information give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading” (Casey, 95 NY2d at 360).
*92 Pursuant to Penal Law § 165.15 (3), a person is guilty of theft of services when,
“[w]ith intent to obtain railroad, subway, bus, air, taxi or any other public transportation service without payment of the lawful charge therefor, or to avoid payment of the lawful charge for such transportation service which has been rendered to him, he obtains or attempts to obtain such service or avoids or attempts to avoid payment therefor by force, intimidation, stealth, deception or mechanical tampering, or by unjustifiable failure or refusal to pay.”
In deciding a case involving the facial sufficiency of an accusatory instrument which contained factual allegations similar to those contained herein, the Court of Appeals, in People v Hightower (18 NY3d 249, 255 [2011]), noted that the defendant had not been prosecuted under the theft of services statute, and stated that the Court would not address that statute’s applicability to the facts of that case. Nonetheless, when making this statement, the Court of Appeals cited to Penal Law § 20.10, which provides that
“a person is not criminally liable for conduct of another person constituting an offense when his own conduct, though causing or aiding the commission of such offense, is of a kind that is necessarily incidental thereto. If such conduct constitutes a related but separate offense upon the part of the actor, he is liable for that offense only and not for the conduct or offense committed by the other person.”
As applicable to the case at bar, the Court of Appeals, in People v Mattocks (12 NY3d 326, 334 n 2 [2009]), noted that theft of services is one of the charges typically brought for “turnstile jumping,” i.e., gaining access to public transportation service without paying the fare (see also People v Barlow, 46 Misc 3d 148[A], 2015 NY Slip Op 50237[U] [App Term, 1st Dept 2015]; People v Thompson, 43 Misc 3d 137[A], 2014 NY Slip Op 50708[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]; People v Pin, 41 Misc 3d 128[A], 2013 NY Slip Op 51681 [U] [App Term, 1st Dept 2013]). The New York State Legislature promulgated Penal Law § 165.16 (unauthorized sale of certain transportation services) to deal with selling swipes (see People v Verastegui, 8 Misc 3d 1026[A], 2005 NY Slip Op 51298[U] [Crim Ct, Kings County 2005]). Thus, the accessorial conduct *93 here, i.e., the alleged act of selling swipes of a MetroCard, constitutes a related but separate offense, since it fits the definition of unauthorized sale of certain transportation services (see People v Walters, 9 Misc 3d 1121 [A], 2005 NY Slip Op 51720[U] [Crim Ct, Kings County 2005]). Therefore, since the people to whom defendant allegedly sold the swipes could arguably have been prosecuted for theft of services, defendant could not be prosecuted as an accessory to that crime.
As the accusatory instrument did not allege that defendant had entered the subway station beyond the turnstiles without paying the required fare, it was facially insufficient as to the one count of theft of services to which defendant pleaded guilty (see Walters, 2005 NY Slip Op 51720[U]; but see People v Dixson, 9 Misc 3d 358 [Crim Ct, Kings County 2005]). Thus, the count of the accusatory instrument charging defendant with theft of services pertaining to his conduct on February 13, 2012 must be dismissed. However, in view of the numerous counts set forth in the accusatory instrument, we decline to dismiss the instrument in the interest of justice since it cannot be said that no penological purpose would be served by reinstating the proceedings (see People v Allen, 39 NY2d 916, 917-918 [1976]; see also CPL 470.55 [2] [“Upon an appellate court order which reverses a judgment based upon a plea of guilty to an accusatory instrument or a part thereof, but which does not dismiss the entire accusatory instrument, the criminal action is, in the absence of express appellate court direction to the contrary, restored to its pre-pleading status and the accusatory instrument is deemed to contain all the counts and to charge all the offenses which it contained and charged at the time of the entry of the plea, except those dismissed upon appeal or upon some other post-judgment order”]).
Accordingly, the judgment of conviction is reversed, the count of the accusatory instrument charging theft of services pertaining to defendant’s conduct on February 13, 2012 is dismissed, and the matter is remitted to the Criminal Court for all further proceedings.
Weston, J.P., Aliotta and Elliot, JJ., concur.

. In Dumay, the record on appeal reveals that the defendant pleaded guilty to obstructing governmental administration in the second degree in satisfaction of the entire accusatory instrument, which also charged him with, among other things, resisting arrest, another class A misdemeanor. The defendant contended on appeal that the count of obstructing governmental administration in the second degree was facially insufficient but did not challenge the facial sufficiency of the other counts charged in the accusatory instrument. Nevertheless, the Court of Appeals reviewed the facial sufficiency of the one count of the multi-count accusatory instrument.

. Indeed, CPL 470.55 (2) presupposes the review of a challenge on appeal to the facial sufficiency of the one count in a multi-count accusatory instrument to which a defendant pleaded guilty in satisfaction of the entire instrument.