The People of the State of New York, Respondent,
against
Clinton Collins, Appellant.




Alan Ross, Esq., for appellant.
Kings County District Attorney (Leonard Joblove, Shalom J. Twersky, Arieh Schulman of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Kings County (Alexander Calabrese, J.), rendered January 10, 2015. The judgment convicted defendant, upon his plea of guilty, of obstructing governmental administration in the second degree.




ORDERED that the judgment of conviction is reversed, on the law, defendant's guilty plea is vacated, the count of the accusatory instrument charging defendant with obstructing governmental administration in the second degree is dismissed, the remaining counts of the accusatory instrument are reinstated, and the matter is remitted to the Criminal Court for all further proceedings on the remaining counts of the accusatory instrument.
Defendant was charged in an accusatory instrument, executed by a New York City police officer, with petit larceny (Penal Law § 155.25), seven counts of criminal possession of a forged instrument in the third degree (Penal Law § 170.20), obstructing governmental administration in the second degree (Penal Law § 195.05), and unlawful receipt of fare for providing access to transit authority facilities (21 NYCRR § 1050 [4] [c]), alleging that, on or about January 9, 2015 at approximately 1:49 p.m. at the subway station located at Nostrand Avenue and Fulton Street in Kings County, the officer had observed defendant deprive the New York City Transit Authority (NYCTA) of a quantity of United States currency by wrongfully taking a sum of currency from an unapprehended individual which would otherwise have been paid to the NYCTA as a lawful fare for that unapprehended individual, in exchange for which defendant had swiped a metrocard through the subway turnstile, thereby allowing the unapprehended individual to enter the transit system beyond the turnstiles. The instrument further alleged that the officer is the custodian of the transit system; that defendant did not have permission or authority to sell fares or to collect, accept or retain currency from individuals entering the NYCTA system; and that, by allowing the unapprehended individual to enter the transit system in exchange for a sum of currency, defendant had intentionally obstructed, impaired and perverted the administration of the governmental function of the NYCTA of operating the transit facilities on a self-sustaining basis. [*2]Additionally, the instrument alleged that the officer had recovered seven metrocards from defendant and discovered that they were all bent down the middle. 
In the presence of counsel, defendant pleaded guilty to obstructing governmental administration in the second degree, in satisfaction of the entire accusatory instrument, and was sentenced to a one-year conditional discharge and to perform seven days of community service. On appeal, defendant challenges, among other things, the facial sufficiency of the accusatory instrument pertaining to the count of obstructing governmental administration in the second degree, to which he pleaded guilty.
At the outset, we note that the arguments raised concerning the facial sufficiency of the accusatory instrument pertaining to the count of obstructing governmental administration in the second degree in question are jurisdictional (see People v Alejandro, 70 NY2d 133 [1987]). Thus, defendant's claims were not forfeited upon his plea of guilty (see People v Dreyden, 15 NY3d 100, 103 [2010]; People v Konieczny, 2 NY3d 569, 573 [2004]) and must be reviewed despite his failure to raise them in the Criminal Court (see Alejandro, 70 NY2d 133). However, "a purported hearsay defect in an accusatory instrument is nonjurisdictional and, thus, forfeited by a guilty plea" (People v Keizer, 100 NY2d 114, 121 [2003]). While defendant does not challenge the facial sufficiency of the entire accusatory instrument, we nevertheless must review the facial sufficiency of the only count challenged, to which he pleaded guilty (see People v Dumay, 23 NY3d 518 [2014]; People v Washington, 50 Misc 3d 89 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; People v Chan, 36 Misc 3d 44 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]; but see People v Lineberger, 46 Misc 3d 152[A], 2015 NY Slip Op 50335[U] [App Term, 1st Dept 2015], lv denied 27 NY3d 1001 [2016]; People v Acevedo, 46 Misc 3d 150[A], 2015 NY Slip Op 50288[U] [App Term, 1st Dept 2015], lv denied 26 NY3d 1142 [2016]).
As defendant did not waive prosecution by information, the facial sufficiency of the count of the accusatory instrument in question must be reviewed according to the requirements of an information as set forth in CPL 100.40 (1) (see CPL 100.10 [1]; 170.65 [1], [3]; People v Hatton, 26 NY3d 364, 368 [2015]; People v Kalin, 12 NY3d 225, 228 [2009]). Where the information fails to meet these requirements, it is jurisdictionally defective (see Hatton, 26 NY3d at 368). While the law does not require that the information contain precise words or phrases most clearly expressing the charge, the crime and the factual basis therefor must be sufficiently alleged (see Konieczny, 2 NY3d at 575). Consequently, while the factual allegations in support thereof "should be given a fair and not overly restrictive or technical reading" (People v Casey, 95 NY2d 354, 360 [2000]), they must also suffice to "give an accused notice sufficient to prepare a defense and ... [be] adequately detailed to prevent a defendant from being tried twice for the same offense" (Casey, 95 NY2d at 360; see also Konieczny, 2 NY3d at 575). 
Pursuant to Penal Law § 195.05:
"A person is guilty of obstructing governmental administration when he intentionally obstructs, impairs or perverts the administration of law or other governmental function or prevents or attempts to prevent a public servant from performing an official function, by means of intimidation, physical force or interference, or by means of any independently unlawful act, or by means of interfering, whether or not physical force is involved, with radio, telephone, television or other telecommunications systems owned or operated by [*3]the state, or a county, city, town, village, fire district or emergency medical service or by means of releasing a dangerous animal under circumstances evincing the actor's intent that the animal obstruct governmental administration."
The legislative history of the statute clearly does not support the application of this law to the selling of metrocard swipes, as alleged herein, since defendant's alleged actions were not "physical in nature" in any way (People v Case, 42 NY2d 98, 102 [1977]) nor can they be considered "minimal interference set in motion to frustrate police activity" (Matter of Davan L., 91 NY2d 88, 91 [1997]). Furthermore, although the New York State Legislature promulgated Penal Law § 165.16, entitled "Unauthorized sale of certain transportation services," to adequately charge a defendant with the act of selling swipes of a metrocard, a violation of Penal Law § 165.16 cannot be considered an "independently unlawful act," as contemplated in Penal Law § 195.05, since Penal Law § 165.16 encompasses the same conduct as that which was considered to have obstructed the NYCTA's function.[FN1]
Consequently, the information here was facially insufficient as to the count charging defendant with obstructing governmental administration in the second degree, to which he pleaded guilty (see People v Griffin, 10 Misc 3d 1057[A], 2005 NY Slip Op 52006[U] [Crim Ct, Kings County 2005]; People v Walters, 9 Misc 3d 1121[A], 2005 NY Slip Op 51720[U] [Crim Ct, Kings County 2005]; People v Verastegui, 8 Misc 3d 1026[A], 2005 NY Slip Op 51298[U] [Crim Ct, Kings County 2005]; People v Zayas, 8 Misc 3d 879 [Crim Ct, Kings County 2005]; but see People v Dixson, 9 Misc 3d 358 [Crim Ct, Kings County 2005]). Thus, the count of the accusatory instrument charging defendant with obstructing governmental administration in the second degree must be dismissed. In light of the foregoing, this court need not reach the merits of defendant's argument that the plea allocution was insufficient. 

However, in view of the numerous counts set forth in the accusatory instrument and defendant's extensive criminal history, we decline to dismiss the remaining counts in the accusatory instrument in the interest of justice, since it cannot be said that no penological purpose would be served by reinstating the proceedings (see People v Allen, 39 NY2d 916, [*4]917—918 [1976]; Washington, 50 Misc 3d at 93). Thus, the remainder of the accusatory instrument is reinstated to its prepleading status (see CPL 470.55 [2]).

Accordingly, the judgment of conviction is reversed, defendant's guilty plea is vacated, the count of the accusatory instrument charging defendant with obstructing governmental administration in the second degree is dismissed, the remaining counts of the instrument are reinstated, and the matter is remitted to the Criminal Court for all further proceedings on the remaining counts of the accusatory instrument.

WESTON, J.P., PESCE and SOLOMON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 03, 2017



Footnotes

Footnote 1: Penal Law § 165.16 (1) provides the following:
~~"A person is guilty of unauthorized sale of certain transportation services when, with intent to avoid payment by another person to the metropolitan transportation authority, New York city transit authority or a subsidiary or affiliate of either such authority of the lawful charge for transportation services on a railroad, subway, bus or mass transit service operated by either such authority or a subsidiary or affiliate thereof, he or she, in exchange for value, sells access to such transportation services to such person, without authorization, through the use of an unlimited farecard or doctored farecard."