People v Squitieri (2018 NY Slip Op 00443)





People v Squitieri


2018 NY Slip Op 00443


Decided on January 24, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 24, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

L. PRISCILLA HALL, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2016-01252
 (Ind. No. 4467/15)

[*1]The People of the State of New York, respondent,
v
Vincent Squitieri, also known as Vincent Squitteri, appellant.


Paul Skip Laisure, New York, NY (William Kastin of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Jodi L. Mandel of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (William Miller, J.), rendered January 6, 2016, convicting him of attempted robbery in the first degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant claims that his plea of guilty was not knowing, voluntary, and intelligent because the Supreme Court failed to make further inquiry when his allocution raised the possibility of the existence of an affirmative defense to the crime of attempted robbery in the first degree (see Penal Law § 160.15[4]). Contrary to the People's contention, the defendant's claim was not waived by any valid waiver of his right to appeal, since the claim implicates the voluntariness of the defendant's plea (see People v Seaberg, 74 NY2d 1, 10; People v Lovick, 127 AD3d 1108, 1108-1109). However, the claim is unpreserved for appellate review, and the narrow exception to the preservation rule is inapplicable (see People v Smith, 43 AD3d 474, 475; People v Sandson, 6 AD3d 632; People v Willingham, 194 AD2d 703). In any event, reduction of the defendant's conviction, upon his plea of guilty, to a lesser-included offense, which is the only relief requested on appeal, would not be a lawful remedy because the People do not consent to it (see CPL 220.10[4]; People v Rafael, 243 AD2d 277; People v Hough, 176 AD2d 964, 964-965; People v Vaughn, 119 AD2d 779).
Accordingly, the judgment must be affirmed.
HALL, J.P., HINDS-RADIX, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court