The People of the State of New York, Respondent,
against
Arlene Mizrahi, Appellant.




New York City Legal Aid Society (Amy Donner of counsel), for appellant.
Richmond County District Attorney (Morrie I. Kleinbart of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Richmond County (Barbara I. Panepinto, J.), rendered March 13, 2016. The judgment convicted defendant, upon her plea of guilty, of driving while ability impaired.




ORDERED that the judgment of conviction is affirmed.
On March 13, 2016, the People charged defendant, in an information, with driving while intoxicated (common law) (Vehicle and Traffic Law § 1192 [3]) and driving while intoxicated (per se) (Vehicle and Traffic Law § 1192 [2]). At her arraignment, which occurred later that day, defendant pleaded guilty to driving while ability impaired (Vehicle and Traffic Law § 1192 [1]) in satisfaction of the accusatory instrument and was sentenced to, among other things, a $500 fine and a conditional discharge.
As the People concede, defendant's guilty plea was constitutionally infirm in that the record fails to affirmatively demonstrate that defendant understood the trial-related constitutional rights forfeited by her plea (see People v Conceicao, 26 NY3d 375 [2015]; People v Tyrell, 22 NY3d 359 [2013]), and such knowledge cannot be inferred from the record as a whole (see People v Pellegrino, 26 NY3d 1063 [2015]). The Criminal Court made no inquiry whatsoever to ensure that defendant understood the consequences of her guilty plea, nor did defense counsel say anything during the plea proceedings. 
While the Criminal Court's allocution in this case was nonexistent and is a ground for [*2]vacating the plea, defendant asks that, upon vacating the plea, this court either dismiss the accusatory instrument as without further penological purpose or affirm the judgment of conviction. However, under the circumstances of this case, it cannot be said that, upon the reversal of the judgment of conviction, no penological purpose would be served by remitting the matter for further proceedings (see e.g. People v Vargas, 56 Misc 3d 126[A], 2017 NY Slip Op 50803[U], *1 [App Term, 1st Dept 2017]; People v Rivera, 55 Misc 3d 141[A], 2017 NY Slip Op 50592[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2017]).
While both sides acknowledge that defendant is entitled to vacatur of her guilty plea, defendant specifically asks that, in the event dismissal is not granted, this court affirm her conviction rather than vacate her guilty plea. In light of defendant's explicit request, and the People's assent to that request, the court affirms the judgment of conviction (see e.g. People v Hough, 176 AD2d 964 [1991]; People v Vaughn, 119 AD2d 779 [1986]).
Accordingly, the judgment of conviction is affirmed. 
ELLIOT, J.P., WESTON and SIEGAL, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: January 04, 2019