The People of the State of New York, Respondent,
against
Rafael Vasquez, Appellant.




New York City Legal Aid Society (Alan S. Axelrod and Lucy Gubernick of counsel), for appellant.
Queens County District Attorney (John M. Castellano, Johnnette Traill and Kathryn E. Mullen of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Queens County (Bruna L. DiBiase, J.), rendered September 26, 2016. The judgment convicted defendant, upon his plea of guilty, of disorderly conduct, and imposed sentence.




ORDERED that the judgment of conviction is affirmed.
Defendant was charged in a superseding information with assault in the third degree (Penal Law § 120.00 [1]), obstructing governmental administration in the second degree (Penal Law § 195.05), resisting arrest (Penal Law § 205.30), and disorderly conduct (Penal Law § 240.20 [1]). The accusatory instrument alleged that the deponent police officer had observed defendant walking on a public street with a bulge in his pocket resembling a pistol and, upon his asking defendant about the bulge, defendant fled. Several minutes later, upon the officer's approach to defendant, defendant ran toward a chainlink fence and held onto it to prevent the officer from placing handcuffs on him. As the officer was attempting to remove defendant's hands from the fence in order to handcuff him, defendant attempted to push the officer off him and then "kicked his legs and flailed his arms" in an attempt to avoid being handcuffed. As a [*2]result of defendant's actions, the officer sustained injuries and had to receive treatment at a local hospital. After waiving prosecution by information, defendant pleaded guilty to disorderly conduct in satisfaction of the superseding information, and was sentenced to 15 days' imprisonment to be served concurrently with a sentence of 14 months' imprisonment for violating parole. On appeal, defendant challenges the facial sufficiency of all of the counts charged in the superseding information, including, but not limited to, the charge to which he pleaded guilty. Should this court find that the disorderly conduct count is facially insufficient, but that not all of the counts charged in the superseding information are, defendant requests that this court dismiss the accusatory instrument as a matter of discretion in the interest of justice; in the alternative, should this court not be inclined to dismiss the entire accusatory instrument in the interest of justice, defendant requests that this court affirm the judgment of conviction, rather than restore the accusatory instrument to its prepleading status and remit the matter for all further proceedings (see CPL 470.55 [2]).
"A valid and sufficient accusatory instrument is a nonwaivable jurisdictional prerequisite to a criminal prosecution" (People v Case, 42 NY2d 98, 99 [1977]; see also People v Dumay, 23 NY3d 518, 522 [2014]; People v Dreyden, 15 NY3d 100, 103 [2010]). Thus, the facial insufficiency of an accusatory instrument constitutes a jurisdictional defect which is not forfeited by a defendant's guilty plea (see Dreyden, 15 NY3d at 103; People v Konieczny, 2 NY3d 569, 573 [2004]). Here, since defendant expressly waived the right to be prosecuted by information, the relevant count of the accusatory instrument must be evaluated under the standards that govern a misdemeanor complaint (see Dumay, 23 NY3d at 524; see also CPL 100.15; 100.40 [4]; People v Dumas, 68 NY2d 729, 731 [1986]). While the law does not require that the accusatory instrument contain the most precise words or phrases most clearly expressing the charge, the offense and factual basis therefor must be sufficiently alleged (see Konieczny, 2 NY3d at 575). "So long as the factual allegations of an [accusatory instrument] give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading" (People v Casey, 95 NY2d 354, 360 [2000]; see Konieczny, 2 NY3d at 575). Moreover, where a defendant has pleaded guilty to one or more of the counts actually charged in a multicount accusatory instrument, and, on appeal, raises a jurisdictional challenge, the defendant need not challenge the facial sufficiency of all of the counts contained in the accusatory instrument at the time the defendant entered the guilty plea; rather, he or she need only challenge the facial sufficiency of the actual count or counts to which he or she pleaded guilty (see People v Mason, 62 Misc 3d 75 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]; see also Dumay, 23 NY3d 518; People v Toro, 61 Misc 3d 26 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]; People v Collins, 58 Misc 3d 10 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]; People v Washington, 50 Misc 3d 89 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; but see People v Lamb, 49 Misc 3d 135[A], 2015 NY Slip Op 51483[U] [App Term, 1st Dept 2015], lv denied 26 NY3d 1089 [2015]; People v Castano, 48 Misc 3d 127[A], 2015 NY Slip Op 50926[U] [App Term, 1st Dept 2015], lv denied 28 NY3d 969 [2016]; People v Lineberger, 46 Misc 3d 152[A], 2015 NY Slip Op 50335[U] [App Term, 1st Dept 2015], lv denied 27 NY3d 1001 [2016]; People v Fofana, 15 Misc 3d 136[A], 2007 NY Slip Op 50807[U] [App Term, 1st [*3]Dept 2007], lv denied 9 NY3d 865 [2007], reconsideration denied 9 NY3d 875 [2007]).
Pursuant to Penal Law § 240.20 (1), "[a] person is guilty of disorderly conduct when, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof: . . . [h]e engages in fighting or in violent, tumultuous or threatening behavior." The disorderly conduct statute was designed to proscribe only that type of conduct which has a real tendency to provoke public disorder, and the significance of this element cannot be overstated (see People v Baker, 20 NY3d 354 [2013]; People v Munafo, 50 NY2d 326, 331 [1980]). In other words, the conduct alleged must be of a public nature and must extend beyond the exchange between the individual disputants to a point where it becomes a potential or immediate public problem (see Baker, 20 NY3d at 359-360; People v Weaver, 16 NY3d 123, 128 [2011]; Munafo, 50 NY2d at 331). Here, as the People concede, the facts alleged in the superseding information failed to provide reasonable cause to believe that defendant's conduct and intent were of the requisite public dimension sufficient to constitute disorderly conduct (see People v Sulker, 52 Misc 3d 141[A], 2016 NY Slip Op 51173[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]; People v Moreno, 47 Misc 3d 138[A], 2015 NY Slip Op 50587[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]). Consequently, the count charging defendant with disorderly conduct is facially insufficient and must be dismissed.
While both parties agree that the count charging defendant with disorderly conduct is facially insufficient and must be dismissed, they disagree as to whether the other three counts charged in the accusatory instrument are facially sufficient. On this appeal, we need not reach the issue of whether the other counts charged in the accusatory instrument (i.e., assault in the third degree, obstructing governmental administration in the second degree, and resisting arrest) are facially insufficient (see CPL 470.55 [2]; Mason, 62 Misc 3d 75). In light of the foregoing, and as we otherwise find that a penological purpose exists for restoring the accusatory instrument and remitting the matter for all further proceedings, since defendant remains on parole and the remaining charges are not minor, we decline to dismiss the accusatory instrument in the interest of justice (see CPL 470.55 [2]). Consequently, as per defendant's specific request, we affirm the judgment of conviction (see e.g. People v Jeudy, 153 AD3d 1203 [2017]; People v Teron, 139 AD3d 450 [2016]; People v Hough, 176 AD2d 964 [1991]; People v Vaughn, 119 AD2d 779 [1986]; People v Mizrahi, 62 Misc 3d 139[A], 2019 NY Slip Op 50053[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]).
PESCE, P.J., and ELLIOT, J., concur.
WESTON, J., taking no part.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 03, 2019