The People of the State of New York, Respondent,
against
Jean Meme, Appellant.




New York City Legal Aid Society (Laura Lieberman Cohen of counsel), for appellant.
Queens County District Attorney (John M. Castellano, Johnnette Traill, Joseph N. Ferdenzi and Jonathan K. Yi of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Queens County (William A. Viscovich, J.), rendered December 12, 2015. The judgment convicted defendant, upon his plea of guilty, of unlawful possession of an imitation firearm, and imposed sentence.




ORDERED that the judgment of conviction is affirmed.
In an accusatory instrument charging defendant with criminal possession of marihuana in the fourth degree (Penal Law § 221.15) and unlawful possession of an imitation firearm (Administrative Code of the City of New York § 10-131 [g]), it was alleged that the deponent police officer had responded to a radio run for an assault in progress at defendant's house. Upon entering the house, the officer overheard the voices of a male and female engaged in a verbal dispute. The officer proceeded to walk up the stairs, into defendant's room, where he observed three ziplock bags containing a quantity of marihuana and a digital scale on a table. The officer also recovered a black BB gun from a dresser, "which replicate[d] a revolver in that [it was] black in color." On December 12, 2015, defendant pleaded guilty to unlawful possession of an imitation firearm in satisfaction of the entire accusatory instrument, and the Criminal Court sentenced him to a one-year conditional discharge, which included the performance of eight days' [*2]community service. On appeal, defendant challenges the facial sufficiency of the count to which he pleaded guilty.
"A valid and sufficient accusatory instrument is a nonwaivable jurisdictional prerequisite to a criminal prosecution" (People v Case, 42 NY2d 98, 99 [1977]; see also People v Dumay, 23 NY3d 518, 522 [2014]; People v Dreyden, 15 NY3d 100, 103 [2010]). Thus, the facial insufficiency of an accusatory instrument constitutes a jurisdictional defect which is not forfeited by a defendant's guilty plea (see Dreyden, 15 NY3d at 103; People v Konieczny, 2 NY3d 569, 573 [2004]). Here, since defendant did not waive the right to be prosecuted by information, the accusatory instrument must be evaluated under the standards that govern an information (see People v Hatton, 26 NY3d 364, 368 [2015]; People v Kalin, 12 NY3d 225, 228 [2009]; see also CPL 100.15, 100.40 [1]). Defendant raises no hearsay claim on appeal, and, even if he had, the claim would have been waived by his failure to raise it in the Criminal Court (see People v Casey, 95 NY2d 354 [2000]). While the law does not require that the accusatory instrument contain the most precise words or phrases most clearly expressing the charges, the offense and factual bases therefor must be sufficiently alleged (see Konieczny, 2 NY3d at 575). "So long as the factual allegations of an information give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading" (Casey, 95 NY2d at 360; see Konieczny, 2 NY3d at 575). Moreover, where a defendant has pleaded guilty to one or more of the counts actually charged in a multi-count accusatory instrument (or to a statutorily defined lesser included offense of a charged count [see CPL 1.20 (37); 220.20]), and, on appeal, raises a jurisdictional challenge, the defendant need not challenge the facial sufficiency of all of the counts contained in the accusatory instrument at the time the defendant entered the guilty plea; rather, he or she need only challenge the facial sufficiency of the actual count(s) to which he or she pleaded guilty (or to which he or she pleaded guilty to a lesser included offense thereof) (see People v Mason, 62 Misc 3d 75 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]; see also People v Dumay, 23 NY3d 518 [2014]; People v Toro, 61 Misc 3d 26 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]; People v Collins, 58 Misc 3d 10 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]; People v Washington, 50 Misc 3d 89 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; but see People v Lamb, 49 Misc 3d 135[A], 2015 NY Slip Op 51483[U] [App Term, 1st Dept 2015], lv denied 26 NY3d 1089 [2015]; People v Lineberger, 46 Misc 3d 152[A], 2015 NY Slip Op 50335[U] [App Term, 1st Dept 2015], lv denied 27 NY3d 1001 [2016]).
Administrative Code § 10—131 (g), provides in relevant part:
"1. It shall be unlawful for any person to sell or offer for [sic] sell, possess or use or attempt to use or give away, any toy or imitation firearm which substantially duplicates or can reasonably be perceived to be an actual firearm unless:
(a) the entire exterior surface of such toy or imitation firearm is colored white, bright red, bright orange, bright yellow, bright green, bright blue, bright pink or bright purple, either [*3]singly or as the predominant color in combination with other colors in any pattern; or
(b) such toy or imitation firearm is constructed entirely of transparent or translucent materials which permits unmistakable observation of the imitation or toy firearm's complete contents; and
(c) the barrel of such toy or imitation firearm, other than the barrel of any such toy or imitation firearm that is a water gun, is closed with the same material of which the toy or imitation firearm is made for a distance of not less than one-half inch from the front end of said barrel, and;
(d) such toy or imitation firearm has legibly stamped thereon, the name of the manufacturer or some trade name, mark or brand by which the manufacturer can be readily identified; and
(e) such toy or imitation or firearm does not have attached thereto a laser pointer, as defined in paragraph one of subdivision a of section 10-134.2 of this code."
Here, even assuming, as defendant argues, that the qualifying language of the ordinance exempting from its reach imitation firearms the exterior surface of which are brightly colored or which are constructed entirely of transparent or translucent materials created true exceptions that the People were required to plead (cf. People v Davis, 13 NY3d 17, 31 [2009]; People v Santana, 7 NY3d 234, 236 [2006]), the sworn allegation by the police officer that the imitation firearm found in defendant's possession was black effectively negated any such exception (see People v Singh, 116 AD3d 625 [2014]; Matter of Tilar Mc., 116 AD3d 700 [2014]; People v Dent, 112 AD3d 529 [2013]; People v Gilliam, 39 Misc 3d 143[A], 2013 NY Slip Op 50784[U] [App Term, 1st Dept 2013]). Therefore, on this appeal, we need not pass on whether the exemptions contained in Administrative Code § 10-131 (g) (1) are exceptions or provisos. Additionally, the basis for the officer's conclusion that the BB gun recovered replicated a revolver was based upon his direct observation that it was black in color. Thus, the factual allegations set forth in the information were sufficient, for pleading purposes, to establish that the item in question substantially duplicated or could reasonably have been perceived to be an actual firearm. Consequently, "as a matter of common sense and reasonable pleading" (Davis, 13 NY3d at 31), the factual allegations contained in the accusatory instrument provided reasonable cause to believe that defendant committed the offense of unlawful possession of an imitation firearm (see Administrative Code § 10-131 [g]; CPL 100.40 [1] [b]) and established, if true, every element of the offense charged and defendant's commission thereof (see CPL 100.40 [1] [c]).
Accordingly, the judgment of conviction is affirmed.
PESCE, P.J., WESTON and ALIOTTA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 07, 2019