The People of the State of New York, Respondent,
against
Fawaz Habbas, Appellant.




Appellate Advocates (Ronald Zapata of counsel), for appellant.
Kings County District Attorney (Leonard Joblove, Gamaliel Marrero and Daniel Berman of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Kings County (Marguerite S. Dougherty, J.), rendered March 16, 2016. The judgment convicted defendant, upon his plea of guilty, of attempted criminal possession of a controlled substance in the seventh degree, and imposed sentence.




ORDERED that the judgment of conviction is affirmed.
In a superseding information, executed by a police officer, defendant was charged with two counts of criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03), based on allegations, insofar as is relevant to the issue raised on appeal, that, at a police station house, the officer had observed defendant to be in possession of a quantity of buprenorphine (suboxone) and a quantity of heroin in that he had observed another officer recover one strip of buprenorphine (suboxone) and a wax envelope with heroin residue from "defendant's wallet." Subsequently, after waiving prosecution by information, defendant pleaded guilty to attempted criminal possession of a controlled substance in the seventh degree (for possession of the suboxone) (Penal Law §§ 110.00, 220.03), in satisfaction of the superseding information, and was sentenced to 15 days' imprisonment. On appeal, defendant challenges the [*2]facial sufficiency of the factual allegations contained in the superseding information, contending that there were no evidentiary facts alleged therein to provide reasonable cause to believe that he had possessed the wallet.
"A valid and sufficient accusatory instrument is a nonwaivable jurisdictional prerequisite to a criminal prosecution" (People v Case, 42 NY2d 98, 99 [1977]; see also People v Dumay, 23 NY3d 518, 522 [2014]; People v Dreyden, 15 NY3d 100, 103 [2010]). Thus, the facial insufficiency of an accusatory instrument constitutes a jurisdictional defect which is not forfeited by a defendant's guilty plea (see Dreyden, 15 NY3d at 103; People v Konieczny, 2 NY3d 569, 573 [2004]). Here, since defendant expressly waived the right to be prosecuted by information, the relevant count of the accusatory instrument must be evaluated under the standards that govern a misdemeanor complaint (see Dumay, 23 NY3d at 524; see also CPL 100.15, 100.40 [4]; People v Dumas, 68 NY2d 729, 731 [1986]). While the law does not require that the accusatory instrument contain the most precise words or phrases most clearly expressing the charges, the offense and factual bases therefor must be sufficiently alleged (see Konieczny, 2 NY3d at 575). "So long as the factual allegations of an information give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading" (People v Casey, 95 NY2d 354, 360 [2000]; see Konieczny, 2 NY3d at 575). Moreover, where a defendant has pleaded guilty to one or more of the counts actually charged in a multi-count accusatory instrument (or to a statutorily defined lesser included offense of a charged count [see CPL 1.20 (37); 220.20]), and, on appeal, raises a jurisdictional challenge, the defendant need not challenge the facial sufficiency of all of the counts contained in the accusatory instrument at the time the defendant entered the guilty plea; rather, he or she need only challenge the facial sufficiency of the actual count(s) to which he or she pleaded guilty (or to which he or she pleaded guilty to a lesser included offense of) (see People v Mason, 62 Misc 3d 75 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]; see also Dumay, 23 NY3d 518; People v Toro, 61 Misc 3d 26 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]; People v Collins, 58 Misc 3d 10 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]; People v Washington, 50 Misc 3d 89 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; but see People v Lamb, 49 Misc 3d 135[A], 2015 NY Slip Op 51483[U] [App Term, 1st Dept 2015], lv denied 26 NY3d 1089 [2015]; People v Lineberger, 46 Misc 3d 152[A], 2015 NY Slip Op 50335[U] [App Term, 1st Dept 2015], lv denied 27 NY3d 1001 [2016]).
Under the circumstances presented herein, the factual allegations contained in the superseding information, "given a fair and not overly restrictive or technical reading" (Casey, 95 NY2d at 360), when taken together with all reasonable inferences which can be drawn from those facts (see People v Jackson, 18 NY3d 738, 747 [2012]), provided reasonable cause to believe that defendant possessed the wallet which was found to have contained suboxone. The allegation that the suboxone was recovered from "defendant's wallet" was based upon the deponent's personal observation and could reasonably be inferred from other facts alleged in the superseding information, such as that this had occurred at a police station. Moreover, since the circumstances here provided a sufficient basis to conclude that the wallet, and consequently the suboxone [*3]contained therein, was possessed by defendant, the accusatory instrument provided "adequate notice to enable defendant to prepare a defense and invoke his protection against double jeopardy" (People v Kasse, 22 NY3d 1142, 1143 [2014]; see People v Balgobin, 39 Misc 3d 149[A], 2013 NY Slip Op 50944[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]), and, thus, was facially sufficient.
Accordingly, the judgment of conviction is affirmed.
PESCE, P.J., WESTON and ALIOTTA, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 07, 2019