The People of the State of New York, Respondent,
against
Jesse Buchanon, Appellant.




New York City Legal Aid Society (William B. Carney of counsel), for appellant.
Queens County District Attorney (John M. Castellano, Johnnette Traill and Kathryn E. Mullen of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Queens County (Peter F. Vallone, Jr., J.), rendered December 20, 2016. The judgment convicted defendant, upon his plea of guilty, of operating a bicycle on a sidewalk, and imposed sentence.




ORDERED that the judgment of conviction is affirmed.
Defendant was charged in an accusatory instrument with criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03) and operating a bicycle on a sidewalk (Administrative Code of the City of New York § 19-176 [c]). Insofar as is relevant to the issue raised on appeal, the accusatory instrument alleged that a detective had observed defendant riding a bicycle on a public sidewalk. After waiving prosecution by information, defendant pleaded guilty to operating a bicycle on a sidewalk in satisfaction of the accusatory instrument and was sentenced to a conditional discharge. On appeal, defendant challenges the facial sufficiency of this count. Defendant requests that, should this court find that the count in the accusatory instrument charging him with a violation of Administrative Code § 19-176 (c) is facially insufficient, this court should dismiss the remaining count of the accusatory instrument as a matter of discretion in the interest of justice. However, should this court not be inclined to [*2]do so, defendant requests that this court affirm the judgment of conviction, rather than restoring the accusatory instrument to its prepleading status and remitting the matter for all further proceedings on the remaining count (see CPL 470.55 [2]). 
"A valid and sufficient accusatory instrument is a nonwaivable jurisdictional prerequisite to a criminal prosecution" (People v Case, 42 NY2d 98, 99 [1977]; see also People v Dumay, 23 NY3d 518, 522 [2014]; People v Dreyden, 15 NY3d 100, 103 [2010]). Thus, the facial insufficiency of an accusatory instrument constitutes a jurisdictional defect which is not forfeited by a defendant's guilty plea (see Dreyden, 15 NY3d at 103; People v Konieczny, 2 NY3d 569, 573 [2004]). Here, since defendant expressly waived the right to be prosecuted by information, the relevant count of the accusatory instrument must be evaluated under the standards that govern a misdemeanor complaint (see Dumay, 23 NY3d at 524; see also CPL 100.15; 100.40 [4]; People v Dumas, 68 NY2d 729, 731 [1986]). While the law does not require that an accusatory instrument contain the most precise words or phrases most clearly expressing the charge, the offense and factual bases therefor must be sufficiently alleged so as to allow a defendant to prepare a defense and prevent him or her from being tried twice for the same offense(see Konieczny, 2 NY3d at 575; People v Casey, 95 NY2d 354, 360 [2000]). Moreover, where, as here, a defendant has pleaded guilty to one or more of the counts actually charged in a multicount accusatory instrument, and, on appeal, raises a jurisdictional challenge, the defendant need not challenge the facial sufficiency of all of the counts contained in the accusatory instrument at the time the defendant entered the guilty plea; rather, he or she need only challenge the facial sufficiency of the actual count or counts to which he or she pleaded guilty (see People v Mason, 62 Misc 3d 75 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]; see also Dumay, 23 NY3d 518; People v Toro, 61 Misc 3d 26 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]; People v Collins, 58 Misc 3d 10 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]; People v Washington, 50 Misc 3d 89 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; but see People v Lamb, 49 Misc 3d 135[A], 2015 NY Slip Op 51483[U] [App Term, 1st Dept 2015], lv denied 26 NY3d 1089 [2015]; People v Castano, 48 Misc 3d 127[A], 2015 NY Slip Op 50926[U] [App Term, 1st Dept 2015], lv denied 28 NY3d 969 [2016]; People v Lineberger, 46 Misc 3d 152[A], 2015 NY Slip Op 50335[U] [App Term, 1st Dept 2015], lv denied 27 NY3d 1001 [2016]; People v Fofana, 15 Misc 3d 136[A], 2007 NY Slip Op 50807[U] [App Term, 1st Dept 2007], lv denied 9 NY3d 865 [2007], reconsideration denied 9 NY3d 875 [2007]).
Administrative Code § 19-176 (b) provides the following: "No person shall ride a bicycle upon any sidewalk unless permitted by an official sign." However, Administrative Code § 19-176 (c), with which defendant was charged and to which he ultimately pleaded guilty, adds the following: "A person who violates subdivision b of this section in a manner that endangers any other person or property shall be guilty of a misdemeanor." Here, the accusatory instrument merely alleged that a detective had observed defendant riding a bicycle on a public sidewalk. Thus, it failed to also allege that defendant had been observed riding a bicycle on a public sidewalk "in a manner that endangers any other person or property" (Administrative Code § 19-176 [c]). Consequently, the count charging defendant with operating a bicycle on a sidewalk, in violation of Administrative Code § 19-176 (c), is facially insufficient.
While both parties essentially agree that this count is facially insufficient, they disagree whether the entire accusatory instrument should be dismissed as a matter of discretion in the interest of justice. On this appeal, we need not ultimately reach the issue of whether the count charging defendant with criminal possession of a controlled substance in the seventh degree is facially insufficient (see CPL 470.55 [2]; People v Vasquez, 63 Misc 3d 137[A], 2019 NY Slip Op 50524[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]; Mason, 62 Misc 3d 75). In light of the foregoing, and as we otherwise find that a penological purpose exists for restoring the remaining count of the accusatory instrument which charged defendant with criminal possession of a controlled substance in the seventh degree and remitting the matter for all further proceedings thereon, we decline to dismiss the accusatory instrument in the interest of justice (see CPL 470.55 [2]). Accordingly, as per defendant's specific request, we affirm the judgment of conviction (see e.g. People v Jeudy, 153 AD3d 1203 [2017]; People v Teron, 139 AD3d 450 [2016]; People v Hough, 176 AD2d 964 [1991]; People v Vaughn, 119 AD2d 779 [1986]; Vasquez, 63 Misc 3d 137[A], 2019 NY Slip Op 50524[U]; People v Mizrahi, 62 Misc 3d 139[A], 2019 NY Slip Op 50053[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]).
ELLIOT, J.P., PESCE and SIEGAL, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 26, 2019