People v Lara (2020 NY Slip Op 51517(U))

[*1]

People v Lara (Ignacio)

2020 NY Slip Op 51517(U) [70 Misc 3d 129(A)]

Decided on December 18, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 18, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, DAVID ELLIOT, JJ

2018-1027 K CR

The People of the State of New York,
Respondent,
against
Ignacio Lara, Appellant. 

Appellate Advocates (Alexis A. Ascher of counsel), for appellant.
Kings County District Attorney (Leonard Joblove and Sarah G. Pitts of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Kings County
(Marguerite Dougherty, J.), rendered April 25, 2018. The judgment convicted defendant, upon
his plea of guilty, of obstructing governmental administration in the second degree, and imposed
sentence.

ORDERED that the judgment of conviction is affirmed.
Defendant was charged in an accusatory instrument with obstructing governmental
administration in the second degree (Penal Law § 195.05), criminal possession of a weapon
in the fourth degree (Penal Law § 265.01 [1]), criminal possession of a firearm (Penal Law
§ 265.01-b [1]), possession of pistol ammunition (Administrative Code of City of NY
§ 10-131 [i] [3]), and several Vehicle and Traffic Law violations. Upon dismissal of the
weapons charges, which included a class E felony, defendant pleaded guilty to obstructing
governmental administration in the second degree in satisfaction of the remaining counts
contained in the accusatory instrument. On appeal, defendant challenges the facial sufficiency of
the charge to which he pleaded guilty and further requests that, if the court accepts his claim,
rather than restoring the remaining counts of the accusatory instrument to their prepleading status
and remitting the matter for all further proceedings thereon (see CPL 470.55 [2]), this
court should dismiss the accusatory instrument as a matter of discretion in the interest of justice.
However, [*2]should this court not be inclined to dismiss the
entire accusatory instrument in the interest of justice, defendant explicitly requests that the court
affirm the judgment of conviction.
Under the circumstances of this case, where defendant was originally charged with criminal
possession of a firearm, a felony, criminal possession of a weapon in the fourth degree and
possession of pistol ammunition, upon a reversal of the judgment of conviction, we would not be
inclined to abide by defendant's specific request, as we find that there would be a penological
purpose served by restoring the remaining counts of the accusatory instrument to its prepleading
status and remitting the matter for further proceedings thereon (see CPL 470.55 [2]; see e.g. People v Vasquez, 63 Misc 3d
137[A], 2019 NY Slip Op 50524[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2019]; People v Mizrahi, 62 Misc 3d 139[A], 2019 NY Slip Op 50053[U] [App Term, 2d
Dept, 2d, 11th & 13th Jud Dists 2019]). In view of the foregoing, as per defendant's explicit
request (see People v Jeudy, 153
AD3d 1203 [2017]; People v Hough, 176 AD2d 964 [1991]; People v
Vaughn, 119 AD2d 779 [1986]; Vasquez, 63 Misc 3d 137[A], 2019 NY Slip Op
50524[U]), we affirm the judgment of conviction without reviewing defendant's appellate
challenge, as the ultimate outcome of this appeal would, in any event, be an affirmance.
Accordingly, the judgment of conviction is affirmed.
ALIOTTA, P.J., WESTON and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 18, 2020