People v Millette (2024 NY Slip Op 51548(U))

[*1]

People v Millette (Nareiq)

2024 NY Slip Op 51548(U)

Decided on November 1, 2024

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 1, 2024
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : WAVNY TOUSSAINT, P.J., CHEREÉ A. BUGGS, LISA S. OTTLEY, JJ

2022-259 Q CR

The People of the State of New York, Respondent, 
against
Nareiq Millette, Appellant. 

New York City Legal Aid Society (Isabel Patkowski of counsel), for appellant.
Queens County District Attorney (Johnnette Traill, Danielle S. Fenn and Jackson Deterding of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Queens County (Toni M. Cimino, J., at plea; Danielle Hartman, J., at sentence), rendered March 14, 2022. The judgment convicted defendant, upon a plea of guilty, of criminal contempt in the second degree, and imposed sentence.

ORDERED that the judgment of conviction is affirmed.
Defendant was charged in an accusatory instrument with criminal contempt in the first degree (Penal Law § 215.51 [b]), stalking in the third degree (Penal Law § 120.50 [3]), 14 counts of criminal contempt in the second degree (Penal Law § 215.50 [3]), nine counts of aggravated harassment in the second degree (Penal Law § 240.30 [1] [eight counts]; [2] [one count]), menacing in the third degree (Penal Law § 120.15), and nine counts of harassment in the second degree (Penal Law § 240.26 [1] [eight counts]; [2] [one count]). Upon dismissal of the criminal contempt in the first degree charge (a class E felony), defendant pleaded guilty to criminal contempt in the second degree in satisfaction of the remaining counts contained in the accusatory instrument. On appeal, defendant challenges the facial sufficiency of the charge to which he pleaded guilty and further requests that, if the court accepts his claim, rather than restoring the remaining counts of the accusatory instrument to their preplea status and remitting the matter for all further proceedings thereon (see CPL 470.55 [2]), this court should dismiss the accusatory instrument as a matter of discretion in the interest of justice. However, should this court not be inclined to dismiss the entire accusatory instrument in the interest of justice, defendant explicitly [*2]requests that the court affirm the judgment of conviction.
Here, defendant's guilty plea to criminal contempt in the second degree for violating a valid order of protection was in satisfaction of charges including criminal contempt in the first degree (a felony), stalking in the third degree and aggravated harassment in the second degree, among others. As we find that, under the circumstances presented, there would be a penological purpose served by restoring the remaining counts of the accusatory instrument to its preplea status in the event we were to find the charge of criminal contempt in the second degree facially insufficient, we would not abide by defendant's request to dismiss the accusatory instrument in the interest of justice upon a reversal of the judgment of conviction (see CPL 470.55 [2]; People v Lara, 70 Misc 3d 129[A], 2020 NY Slip Op 51517[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2020]; People v Vasquez, 63 Misc 3d 137[A], 2019 NY Slip Op 50524[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]). Consequently, we affirm the judgment of conviction without reviewing defendant's appellate challenge, as the ultimate outcome of this appeal would in any event be, by virtue of defendant's specific request, an affirmance.
Accordingly, the judgment of conviction is affirmed.
TOUSSAINT, P.J., BUGGS and OTTLEY, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 1, 2024