People v Blakely (2025 NY Slip Op 51983(U))

[*1]

People v Blakely (Tayquan)

2025 NY Slip Op 51983(U) [87 Misc 3d 135(A)]

Decided on December 12, 2025

Appellate Term, Second Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 12, 2025
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : CHEREÉ A. BUGGS, J.P., WAVNY TOUSSAINT, JOANNE
D. QUIÑONES, JJ

2022-409 Q CR

The People of the State of New
York, Respondent,
againstTayquan Blakely, Appellant. 

New York City Legal Aid Society (Steven J. Miraglia of counsel), for appellant.
Queens County District Attorney (Johnnette Traill, Charles T. Pollak and Rahul K.
Sukesh of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Queens
County (Edwin I. Novillo, J.), rendered April 29, 2022. The judgment convicted
defendant, upon a plea of guilty, of criminal mischief in the fourth degree, and imposed
sentence.

ORDERED that the judgment of conviction is affirmed.
Defendant was charged in a felony complaint, filed on April 24, 2022, with two
counts of burglary in the second degree (Penal Law § 140.25 [1] [b] [causes
physical injury] and Penal Law § 140.25 [2] [enters a dwelling]), both class C
felonies, for acts that were alleged to have occurred on December 8, 2021, and two
counts of assault in the third degree (Penal Law § 120.00 [1]), a class A
misdemeanor; one count of criminal obstruction of breathing or blood circulation (Penal
Law § 121.11 [a]), a class A misdemeanor; one count of criminal mischief in the
fourth degree (Penal Law § 145.00 [1]), a class A misdemeanor; and two counts of
harassment in the second degree (Penal Law § 240.26 [1]), violations, for acts that
were alleged to have occurred on "April 11." Thereafter, in contemplation of a
disposition, the People's motion to dismiss the felony charges was granted, and defendant
pleaded guilty to criminal mischief in the fourth degree (Edwin I. Novillo, J.) in
satisfaction of the remaining charges. Defendant was sentenced to a one-year conditional
discharge and the sentence was completed at the time this appeal was perfected.
On appeal, defendant challenges the facial sufficiency of the accusatory instrument
insofar as it charges him with acts alleged to have occurred on "April 11," without
specifying the year, thereby depriving defendant of his ability to adequately mount a
defense to these charges. Defendant further contends that the accusatory instrument was
facially insufficient for failing to set forth nonconclusory factual allegations providing
reasonable cause to believe that defendant [*2]committed
the charged offenses of "April 11." Additionally, defendant contends that his guilty plea
was not voluntary, knowing, and intelligent since, during allocution, he pleaded guilty to
the offense of criminal mischief, which the court stated had occurred on December 8,
2021, and not on "April 11," as alleged. Defendant further requests that, if the court
accepts his claim, rather than restoring the remaining counts of the accusatory instrument
to their preplea status and remitting the matter for all further proceedings thereon (see
CPL 470.55 [2]), this court should dismiss the accusatory instrument in its entirety.
However, should this court not be inclined to dismiss the entire accusatory instrument in
the interest of justice, defendant explicitly requests that the court affirm the judgment of
conviction.
Here, defendant's guilty plea to the charge of criminal mischief in the fourth degree
was in satisfaction of the charges remaining after the two felony counts of burglary had
been dismissed in contemplation of the guilty plea. As we find, under the circumstances
presented, that there would be a penological purpose served by restoring the felony
complaint to its preplea status in the event we were to find the "April 11" charges facially
insufficient or that defendant's guilty plea was not voluntary, knowing, or willing, we
would not abide by defendant's request to dismiss the accusatory instrument in the
interest of justice upon a reversal of the judgment of conviction (see CPL 470.55
[2]; People v Lara, 70 Misc
3d 129[A], 2020 NY Slip Op 51517[U] [App Term, 2d Dept, 2d, 11th & 13th
Jud Dists 2020]; People v
Vasquez, 63 Misc 3d 137[A], 2019 NY Slip Op 50524[U] [App Term, 2d Dept,
2d, 11th & 13th Jud Dists 2019]). Consequently, while defendant's appellate
challenges to the "April 11" charges have arguable merit, we affirm the judgment of
conviction without so deciding, as the ultimate outcome would in any event be, by virtue
of defendant's specific request, an affirmance (see People v Millette, 84 Misc 3d 130[A], 2024 NY Slip
Op 51548[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2024]).
Accordingly, the judgment of conviction is affirmed.
BUGGS, J.P., TOUSSAINT and QUIÑONES, JJ., concur.
ENTER:Jennifer ChanActing Chief ClerkDecision Date: December 12,
2025