[931 NE2d 526, 905 NYS2d 542]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES DREYDEN, Appellant.

Argued April 29, 2010; decided June 15, 2010

## POINTS OF COUNSEL

*Legal Aid Society, Criminal Appeals Bureau,* New York City (*John Schoeffel* and *Steven Banks* of counsel), for appellant. The complaint charging criminal possession of a gravity knife was conclusory and jurisdictionally defective under *People v Dumas* (68 NY2d 729 [1986]) when it merely asserted that Mr. Dreyden was "in possession of a gravity knife" without any factual allegation establishing that the knife was operational in the manner specified by Penal Law § 265.00 (5). (*People v Kalin,* 12 NY3d 225; *Matter of Rodney J.,* 83 NY2d 503; *People v Alejandro,* 70 NY2d 133; *People v Jones,* 9 NY3d 259; *People v Hall,* 48 NY2d 927; *People v Case,* 42 NY2d 98; *People v Casey,* 95 NY2d 354; *Whiteley v Warden, Wyo. State Penitentiary,* 401

US 560; *Giordenello v United States,* 357 US 480; *People v Hendricks,* 25 NY2d 129.)

*Charles J. Hynes, District Attorney,* Brooklyn (*Terry-Ann Llewellyn, Ann Bordley* and *Leonard Joblove* of counsel), for respondent. Defendant forfeited his claims concerning the sufficiency of the factual allegations in the accusatory instrument. In any event, the accusatory instrument was facially sufficient. (*People v Keizer,* 100 NY2d 114; *People v Weinberg,* 34 NY2d 429; *People v Kalin,* 12 NY3d 225; *People v Hansen,* 95 NY2d 227; *People v Konieczny,* 2 NY3d 569; *People v Taylor,* 65 NY2d 1; *People v Scott,* 3 NY2d 148; *People v Case,* 42 NY2d 98; *People v Casey,* 95 NY2d 354; *People v Iannone,* 45 NY2d 589.)

### OPINION OF THE COURT

Pigott, J.

On the evening of June 2, 2007, a police officer stopped a van on a street corner in Brooklyn for a traffic violation. The officer recovered a knife and a ziplock bag containing marihuana from defendant James Dreyden, who was a passenger in the vehicle. Defendant was charged in a misdemeanor complaint with unlawful possession of marihuana and criminal possession of a weapon in the fourth degree. He waived his right to prosecution by information and pleaded guilty to the weapon charge, in full satisfaction of the accusatory instrument, in exchange for a sentence of time served.

Defendant then appealed his conviction, arguing that the accusatory instrument was jurisdictionally defective. Defendant pointed out that the misdemeanor complaint included no non-conclusory allegations establishing the basis of the arresting officer's belief that defendant's knife was a gravity knife as defined in the statute—only a conclusory statement that the police officer had observed defendant in possession of a gravity knife and recovered one from him. The Appellate Term affirmed the judgment of conviction and sentence, holding that an accusatory instrument need not contain the statutory criteria for a gravity knife or state that the knife was operational in order to satisfy jurisdictional requirements (23 Misc 3d 34 [2009]).

A Judge of this Court granted leave to appeal (12 NY3d 924 [2009]). We now reverse.

"The factual part of a misdemeanor complaint must allege 'facts of an evidentiary character' (CPL 100.15 [3]) demonstrating 'reasonable cause' to believe the defendant committed the crime charged (CPL 100.40 [4] [b])" (*People v Dumas,* 68 NY2d

729, 731 [1986]). For example, where a misdemeanor complaint charges that a defendant sold marihuana, the charge must be "supported by evidentiary facts showing the basis for the conclusion that the substance sold was actually marihuana" (*id.* at 731). A mere "conclusory statement that a substance seized from a defendant was a particular type of controlled substance does not meet the reasonable cause requirement" (*People v Kalin*, 12 NY3d 225, 229 [2009]). The marihuana possession charge in defendant's accusatory instrument met this requirement. Defendant argues that the weapon charge did not.

The People contend that, by pleading guilty, defendant forfeited his right to challenge the accusatory instrument charging him with the crime to which he has admitted guilt. "A valid and sufficient accusatory instrument is a nonwaivable jurisdictional prerequisite to a criminal prosecution" (*People v Case*, 42 NY2d 98, 99 [1977] [citation omitted]; *see also People v Hansen*, 95 NY2d 227, 230 [2000]). The distinction between jurisdictional and nonjurisdictional defects "is between defects implicating the integrity of the process . . . and less fundamental flaws, such as evidentiary or technical matters" (*Hansen*, 95 NY2d at 231).

The dissent asserts that the test for whether a flaw in an accusatory instrument is jurisdictional is whether that flaw consisted of an omission of elements of the charged crime (dissenting op at 105). We do not construe jurisdictional defects so narrowly. The test is, simply, whether the accusatory instrument failed to supply defendant with sufficient notice of the charged crime to satisfy the demands of due process and double jeopardy (*see Kalin*, 12 NY3d at 231-232; *see also People v Casey*, 95 NY2d 354, 366 [2000]). Here, the misdemeanor complaint, insofar as it described the arresting officer's conclusion that defendant had a gravity knife, failed to give any support or explanation whatsoever for the officer's belief. That violation of the "reasonable cause" requirement amounted to a jurisdictional defect.

The People argue in the alternative that the rationale for the "reasonable cause" requirement applicable to a charge alleging possession of a controlled substance—that professional skill is required on the part of an arresting officer who identifies something as a controlled substance—does not apply to a charge alleging possession of a gravity knife. We disagree.

Not every knife is a weapon for purposes of Penal Law § 265.01 (1), which specifically outlaws possession of a gravity

knife, among other weapons. The Penal Law defines a gravity knife as one with a blade that (1) "is released from the handle or sheath thereof by the force of gravity or the application of centrifugal force" and that (2) "when released, is locked in place by means of a button, spring, lever or other device" (Penal Law § 265.00 [5]). This definition distinguishes gravity knives from certain folding knives that cannot readily be opened by gravity or centrifugal force (see United States v Irizarry, 509 F Supp 2d 198, 210 [ED NY 2007]). It further "requires that the blade lock in place automatically upon its release and without further action by the user" (People v Zuniga, 303 AD2d 773, 774 [2d Dept 2003]), distinguishing a gravity knife from, for example, a "butterfly knife," which requires manual locking (see id.).

A conclusory statement that an object recovered from a defendant is a gravity knife does not alone meet the reasonable cause requirement. An arresting officer should, at the very least, explain briefly, with reference to his training and experience, how he or she formed the belief that the object observed in defendant's possession was a gravity knife. Here, the accusatory instrument contained no factual basis for the officer's conclusion that the knife was a gravity knife, as opposed to a pocket knife, craft knife or other type of knife that does not fit the definition of a per se weapon as defined in Penal Law article 265.

Accordingly, the order of the Appellate Term should be reversed, and, since defendant has already served his sentence, the misdemeanor complaint should be dismissed.

SMITH, J. (dissenting). I do not quarrel with the majority's conclusion that the accusatory instrument was defective because it did not explain how the police officer knew that the weapon defendant possessed was a gravity knife. But I see no basis for holding that this was a jurisdictional defect—one that can be raised on appeal even though defendant pleaded guilty without complaining about it.

It seems self-evident, and we have often held, that only the gravest flaws in a prosecution justify permitting a defendant to raise on appeal an issue he did not raise below. As we said in People v Casey (95 NY2d 354, 366 [2000]):

> "From the inception of our case law on this subject, the failure to preserve has been excused for only the most fundamental procedural irregularities. . . .

[I]t is only 'where "the error complained of goes to the *essential validity* of the proceedings conducted below" such that "the entire trial is *irreparably tainted*," [that] it need not be preserved to present a question of law reviewable by this Court' (*People v Agramonte*, 87 NY2d 765, 770 [quoting *People v Patterson*, 39 NY2d 288, 295-296] [emphasis supplied])."

We added in *Casey*: "Pleading errors involving omission of elements of the charged crime are fundamental. They impair a defendant's basic rights to fair notice sufficient to enable preparation of a defense and to prevent double jeopardy" (*id.*).

Thus, under *Casey*, the test for whether a flaw in an accusatory instrument is jurisdictional is whether that flaw consisted of an "omission of elements of the charged crime"—the sort of error that could impair the defendant's right to fair notice or create a potential double jeopardy problem. We reaffirmed this approach last year in *People v Kalin* (12 NY3d 225, 230 [2009]; *see also People v Konieczny*, 2 NY3d 569, 575 [2004]).

Here, no element of the crime with which defendant was charged was omitted from the accusatory instrument. The majority suggests that the error at issue deprived him of fair notice or put him at a risk of double jeopardy (majority op at 103), but it does not explain why, and I think the suggestion is clearly wrong. The accusatory instrument told defendant that he was charged with possessing a gravity knife. While more explanation might have been preferable (*see Kalin*, 12 NY3d at 232), the instrument as written could not have interfered with defendant's ability to prepare his defense; nor could it have prevented him from pleading either a conviction or acquittal in this case as a bar to a subsequent prosecution.

No useful purpose is served by labeling the defect in this case "jurisdictional." Today's decision merely creates one more situation in which the consequence of an essentially trivial error is magnified, and the process of prosecuting and punishing offenders is made more difficult.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ and JONES concur with Judge PIGOTT; Judge SMITH dissents in a separate opinion.

Order reversed, etc.