*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   October 16, 2014                104621
_____

THE PEOPLE OF THE STATE OF
     NEW YORK,
                         Respondent,

          v                                MEMORANDUM AND ORDER

JERRY D. GRAYS,
                         Appellant.
_____


Calendar Date:   September 12, 2014

Before:  Peters, P.J., Stein, Garry, Egan Jr. and Clark, JJ.

                         _____


          Donna C. Chin, Ithaca, for appellant, and appellant
pro se.

          John M. Muehl, District Attorney, Cooperstown (Michael F.
Getman of counsel), for respondent.

                         _____


Clark, J.

          Appeal from a judgment of the County Court of Otsego County
(Burns, J.), rendered August 5, 2011, upon a verdict convicting
defendant of the crime of conspiracy in the second degree.

          In early October 2010, defendant – then serving a sentence
in the Otsego County jail on a contempt conviction stemming from
various violations of an order of protection in favor of his
ex-girlfriend, Jeanette Hamm – allegedly told a fellow prisoner
that he desired to have Hamm murdered.  Defendant's block-mate
discussed the matter with prison officials, and the Otsego County
Sheriff's Department began an investigation.  As part of the
investigation, an undercover police officer posing as a potential
assassin talked with defendant on the phone and met with him at

the jail.  Defendant was arrested shortly thereafter and charged by indictment with the crime of conspiracy in the second degree. Following a jury trial, defendant was convicted as charged (see Penal Law §§ 105.15, 105.20).  County Court ultimately sentenced defendant to 8⅓ to 25 years in prison and imposed a lengthy order of protection against defendant and in favor of Hamm. Defendant now appeals.

As the People concede, the indictment is jurisdictionally defective and must be dismissed inasmuch as it failed to charge the commission of an overt act in furtherance of the conspiracy as required by Penal Law § 105.20 (see CPL 200.50 [7] [a]; 200.70 [2] [a]; People v Dreyden, 15 NY3d 100, 103 [2010]; People v Boula, 106 AD3d 1371, 1371-1372 [2013], lv denied 21 NY3d 1040 [2013], People v McCoy, 89 AD3d 1218, 1221 [2011], lvs denied 18 NY3d 959, 960 [2012]).  In light of our determination that the indictment must be dismissed, a review of defendant's remaining contentions is unnecessary.

Peters, P.J., Stein, Garry and Egan Jr., JJ., concur.

ORDERED that the judgment is reversed, on the law, and indictment dismissed, without prejudice to the People to re-present any appropriate charges to another grand jury.

ENTER:

Robert D. Mayberger
Clerk of the Court