The People of the State of New York, Respondent,
against
Paul M. Usak, Appellant.



Appeal from a judgment of the District Court of Suffolk County, Fifth District (Vincent J. Martorana, J.), rendered February 4, 2015. The judgment convicted defendant, after a nonjury trial, of parking a commercial vehicle in a Residence A District in the Town of Islip.




ORDERED that the judgment of conviction is reversed, on the law, the accusatory instrument is dismissed, and the fine, if paid, is remitted.
In January 2012, defendant was charged with parking a commercial vehicle in a Residence A District in the Town of Islip on December 19, 2011. Islip Town Code
(Code) § 68-78.1 states that "All uses prohibited in the Residence AAA District shall also be prohibited in the Residence A District." At the time defendant was charged,
Code § 68-47.1, entitled "Prohibited uses," provided, in regard to a Residence AAA District, that the parking of any vehicle registered as a bus, minibus or commercial vehicle, including a tractor-trailer combination, is prohibited (see Code § 68-47.1 [a]).[FN1]


At a nonjury trial, a Town of Islip Inspector testified that, on December 16, 2011, she had gone to property owned by defendant, which property is located in a Residence A District, where she had met employees of the Department of Transportation in order to discuss a compost pile located in the rear of the property, which was encroaching upon abutting state property. The inspector returned to defendant's property on December 19, 2011 and, while sitting inside of her car which was parked on the street, she observed a commercial flatbed dump truck, with unspecified "lettering on [its] side," at the back of defendant's property being filled with compost. She also observed dump trucks coming and going from the property, and observed trucks in the front yard of the property. Defendant testified that, on December 16, 2011, he had received a [*2]phone call from a state representative who had informed him about the compost encroachment situation, and he was told to remove the compost from the state property as soon as possible. Defendant admitted that, on December 19th, he brought a truck onto his property in order to remove the compost. Following the trial, defendant was found guilty as charged.

On appeal, defendant contends, among other things, that the accusatory instrument is jurisdictionally defective and that the evidence was legally insufficient.

We find that the accusatory instrument adequately alleged (see CPL 100.15 [3]; 100.40 [1] [c]; People v Dumas, 68 NY2d 729, 731 [1986]) the offense of parking a commercial vehicle in a Residence A District (see Code §§ 68-78.1; 68-47.1), and was sufficiently detailed so that defendant could prepare himself for trial and could not be tried twice for the same offense (see People v Dreyden, 15 NY3d 100, 103 [2010]; People v Konieczny, 2 NY3d 569, 575 [2004]; People v Casey, 95 NY2d 354, 360 [2000]). Consequently, the accusatory instrument is not jurisdictionally defective.

The evidence, viewed in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), however, was legally insufficient to establish defendant's guilt, beyond a reasonable doubt, of parking a commercial vehicle in a Residence A District, in violation of Code §§ 68-78.1 and 68-47.1. No evidence was provided at trial to establish that any of the dump trucks the inspector had observed on defendant's property were registered as commercial vehicles and, in any event, there was no proof that the vehicles had actually been parked on the property. In fact, neither the Town inspector, nor any other witness, used the word "park" when describing the trucks. It is noted that while the Code provides no definition for the word "park," Vehicle and Traffic Law § 129 defines "Park or parking" as "the standing of a vehicle, whether occupied or not, otherwise than temporarily for the purpose of and while actually engaged in loading or unloading merchandise or passengers." Accordingly, the judgment of conviction is reversed and the accusatory instrument is dismissed.

Marano, P.J., Iannacci and Brands, JJ., concur.

Decision Date: June 29, 2016



Footnotes

Footnote 1:The Code also provided that the parking of any vehicle bearing commercial advertising, or identification, is prohibited unless it is a pickup truck or van, weighing less than 9,000 pounds, and is parked in a garage during specified hours (see Code §§ 68-47.1 [b]; 68-48 [A]) or, if it is a minibus weighing less than 9,000 pounds, a special exception is obtained (see Code §§ 68-47.1 [b]; 68-47 [J]).