The People of the State of New York, Respondent,
against
Kunio Sulker, Appellant.



Appeal from a judgment of the Criminal Court of the City of New York, Kings County (John Cataldo, J.H.O.), rendered May 7, 2014. The judgment convicted defendant, after a nonjury trial, of disorderly conduct.




ORDERED that the judgment of conviction is reversed, on the law and as a matter of discretion in the interest of justice, the accusatory instrument is dismissed, and the fine, surcharge, and fee, if paid, are remitted.
Defendant was charged with disorderly conduct (Penal Law § 240.20 [1]) in a document entitled "COMPLAINT/INFORMATION," which had been prepared by a New York City Health and Hospital Corporation police officer. The instrument alleged that, at 12:12 a.m. on January 9, 2014, at 451 Clarkson Avenue, Brooklyn, New York, 11203, defendant "became verbally loud and abusive with intent to cause public inconvenience, annyance [sic] and alarm using combative gestures when issued several lawful orders to decist [sic]." Defendant "refused to comply." After a nonjury trial, defendant was found guilty of disorderly conduct. The court imposed a $100 fine, a mandatory surcharge of $95, and a crime victim assistance fee of $25.
A valid and sufficient accusatory instrument is a nonwaivable jurisdictional prerequisite to a criminal prosecution (see People v Dumay, 23 NY3d 518, 522 [2014]; People v Dreyden, 15 NY3d 100, 103 [2010]). An accusatory instrument must "set forth facts that establish reasonable cause to believe that the defendant committed the charged offense" (People v Dumay, 23 NY3d at 522; see CPL 100.40 [4]), and provide "the defendant with sufficient notice of the charged crime to satisfy the demands of due process and double jeopardy' " (People v Dumay, 23 NY3d at 524, quoting People v Dreyden, 15 NY3d at 103). " Reasonable cause to believe that a person has committed an offense' exists when evidence or information which appears reliable discloses facts or circumstances which are collectively of such weight and persuasiveness as to convince a person of ordinary intelligence, judgment and experience that it is reasonably likely that such offense was committed and that such person committed it" (CPL 70.10 [2]). Furthermore, a misdemeanor information must set forth "nonhearsay allegations which, if true, establish every element of the offense charged and the defendant's commission thereof" (People v Kalin, 12 NY3d 225, 228-229 [2009]; see CPL 100.15 [3]; 100.40 [1]). This standard is known as "the prima facie case requirement" (People v Kalin, 12 NY3d at 229 [internal quotation marks omitted]). "So long as the factual allegations of an information give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for [*2]the same offense, they should be given a fair and not overly restrictive or technical reading" (People v Casey, 95 NY2d 354, 360 [2000]). As the issue of facial sufficiency of the instrument is jurisdictional, with the exception of any hearsay defect (id. at 367), we consider this issue even though it is not raised on appeal (see People v Badine, 301 AD2d 178, 180 [2002]).
Penal Law § 240.20 (1) provides that "[a] person is guilty of disorderly conduct when, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof" he "engages in fighting or in violent, tumultuous, or threatening behavior." A critical aspect of the offense of disorderly conduct "is a finding that . . . disruptive statements and behavior were of a public rather than an individual dimension" (People v Baker, 20 NY3d 354, 359 [2013]). A "person may be guilty of disorderly conduct only when the situation extends beyond the exchange between the individual disputants to a point where it becomes a potential or immediate public problem' " (People v Weaver, 16 NY3d 123, 128 [2011], quoting People v Munafo, 50 NY2d 326, 331 [1980]). The relevant factors for assessing whether "an act carries public ramifications . . . are the time and place of the episode under scrutiny; the nature and character of the conduct; the number of other people in the vicinity; whether they are drawn to the disturbance, and, if so, the nature and number of those attracted; and any other relevant circumstances" (People v Weaver, 16 NY3d at 128).
We find that the accusatory instrument herein was facially defective, as the factual part did not allege that defendant's acts had a public dimension, which is required to support a charge of disorderly conduct (see People v Baker, 20 NY3d at 359; People v Weaver, 16 NY3d at 128; People v Munafo, 50 NY2d at 331; People v Moreno, 47 Misc 3d 138[A], 2015 NY Slip Op 50587[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]). The instrument merely alleged that the incident occurred at 451 Clarkson Avenue, and that the officer who had prepared the instrument was a New York City Health and Hospitals Corporation police officer. Furthermore, the instrument did not allege that there were any bystanders or spectators present when the incident occurred.
In light of our determination, defendant's contentions that the verdict of guilt was against the weight of the evidence and that he was denied the effective assistance of trial counsel need not be addressed.
Accordingly, the judgment of conviction is reversed, the accusatory instrument is dismissed, and the fine, surcharge, and fee, if paid, are remitted.
Solomon, J.P., Aliotta and Elliot, JJ., concur.
Decision Date: July 26, 2016