The People of the State of New York, Respondent,
against
Shlomo Pashkoff, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Herbert J. Adlerberg, J.H.O. on motion to dismiss; Robert M. Mandelbaum, J. at trial), rendered February 8, 2012, after a nonjury trial, convicting him of unlicensed general vending, and imposing sentence.




Per Curiam.
Judgment of conviction (Herbert J. Adlerberg, J.H.O. on motion to dismiss; Robert M. Mandelbaum, J. at trial), rendered February 8, 2012, reversed, on the law, accusatory instrument dismissed and surcharge, if paid, remitted. 
Defendant was charged with unlicensed general vending (see Administrative Code of City of NY § 20-453), upon allegations that, at a particular date, time and street location, he was holding and displaying "buttons," which he showed to numerous people and exchanged with two customers in return for currency. We agree with defendant that the accusatory instrument was facially insufficient. Inasmuch as the word "button" is reasonably susceptible to numerous and varied definitions - i.e., a disk-shaped fastener used to join two parts of a garment; anything resembling a button, especially being small and round, such as a push-button-switch or candy; a badge or emblem bearing a name, slogan, etc., typically pinned to a garment; an undeveloped mushroom (see American Heritage Dictionary of the English Language, 4th ed.) - the sparse and unelucidating factual allegations contained in the accusatory instrument "failed to supply defendant with sufficient notice of the charged offense to satisfy the demands of due process and double jeopardy" (see People v Dreyden, 15 NY3d 100, 103 [2010]).
In view of our determination, we reach no other issue.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT
I concur I concur I concur
Decision Date: November 30, 2016