The People of the State of New York, Respondent, 
against
Shawn Willis, Appellant.




New York City Legal Aid Society (Arthur H. Hopkirk of counsel), for appellant.
Richmond County District Attorney (Morrie I. Kleinbart and Alexander Fumelli of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Richmond County (Mario F. Mattei, J.), rendered October 16, 2014. The judgment convicted defendant, upon his plea of guilty, of criminal possession of marihuana in the fourth degree and imposed sentence.




ORDERED that the judgment of conviction is affirmed.
Defendant was charged in a felony complaint with criminal possession of marihuana in the third degree (Penal Law § 221.20) and criminal possession of marihuana in the fourth degree (Penal Law § 221.15). Insofar as is relevant to the appeal, a police officer alleged in the accusatory instrument that he had executed valid search warrants, which authorized the search of an apartment and of defendant, respectively. The officer further alleged therein that he had observed defendant inside the apartment and that he had obtained pedigree information from defendant, who had indicated that the apartment was his residence. The accusatory instrument also alleged that defendant had knowingly and unlawfully possessed marihuana in that the officer had observed, inside the living room of the apartment, a shoebox containing marihuana and a black cosmetic box also containing marihuana, the total weight of which marihuana was in excess of eight ounces. On July 15, 2014, upon the People's application, the court dismissed the felony count for purposes of disposition. After waiving prosecution by information, defendant [*2]pleaded guilty to criminal possession of marihuana in the fourth degree. On October 16, 2014, defendant was sentenced to a three-year term of probation. On appeal, defendant contends that the factual allegations of the complaint were facially insufficient to demonstrate that he had exercised dominion and control over the marihuana, so as to establish that he had possessed it.
Since defendant expressly waived prosecution by information, the accusatory instrument's legal sufficiency must be evaluated under the standards which govern that of a misdemeanor complaint (see People v Dumay, 23 NY3d 518, 524 [2014]), which is sufficient on its face when it alleges facts of an evidentiary character supporting or tending to support the charge (see CPL 100.15 [3]) and provides reasonable cause to believe that the defendant committed the crime charged (see CPL 100.40 [4] [b]; People v Dumas, 68 NY2d 729, 731 [1986]). The facial insufficiency of an instrument constitutes a jurisdictional defect which is not forfeited by a defendant's guilty plea (see People v Dreyden, 15 NY3d 100, 103 [2010]; People v Lucas, 11 NY3d 218, 220 [2008]; People v Konieczny, 2 NY3d 569, 573 [2004]). Nonetheless, so long as the factual allegations of an accusatory instrument provide an accused notice sufficient to prepare a defense and are adequately detailed to prevent the accused from being tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading (see Dreyden, 15 NY3d at 103; People v Kalin, 12 NY3d 225, 231-232 [2009]; Konieczny, 2 NY3d at 576; People v Casey, 95 NY2d 354, 360 [2000]).
Pursuant to Penal Law § 221.15, a person is guilty of criminal possession of marihuana in the fourth degree "when he knowingly and unlawfully possesses one or more preparations, compounds, mixtures or substances containing marihuana and the preparations, compounds, mixtures or substances are of an aggregate weight of more than two ounces." The term "possess" means "to have physical possession or otherwise to exercise dominion or control over tangible property" (Penal Law § 10.00 [8]) and, thus, includes actual or constructive possession of tangible property (see People v Torres, 68 NY2d 677 [1986]; People v Sierra, 45 NY2d 56 [1978]). "In New York, the rule has long been that to support a charge that a defendant was in constructive possession of tangible property, the People must show that the defendant exercised 'dominion or control' over the property by a sufficient level of control over the area in which the contraband is found or over the person from whom the contraband is seized" (People v Manini, 79 NY2d 561, 573 [1992]; see also People v Pearson, 75 NY2d 1001, 1002 [1990]). Dominion and control can be demonstrated in a variety of ways, including the defendant's control over a premises (see Manini, 79 NY2d at 573; People v Tirado, 47 AD2d 193 [1975]). 
Here, the accusatory instrument alleged that a police officer had executed search warrants, which authorized the search of the apartment and of defendant, respectively, and that defendant, who had been present in the apartment at the time of the search, had informed the officer that the apartment was his residence. Thus, there were sufficient factual allegations from which to infer that defendant owned, rented, had a possessory interest in, or otherwise had control over, the apartment (see People v Acevedo, 51 Misc 3d 137[A], 2016 NY Slip Op 50573[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]). Consequently, the accusatory instrument contained sufficient allegations specifically connecting defendant to the apartment in which the marihuana was found so as to be able to reasonably conclude, for pleading purposes, that any marihuana found in the apartment, whether concealed in a shoebox and a cosmetic box or out in the open, was within defendant's dominion and control (see People v Reisman, 29 NY2d [*3]278, 286 [1971] ["where narcotics are found on premises under (a) defendant's control, it may be inferred that the defendant had both knowledge and control of the narcotics"]; see generally People v Jordan, 57 Misc 3d 139[A], 2017 NY Slip Op 51316[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]). Thus, when the complaint is given "a fair and not overly restrictive or technical reading" (Casey, 95 NY2d at 360), the facts alleged therein and the reasonable inferences to be drawn from them provide reasonable cause to believe that defendant was in constructive possession of the marihuana seized. 
Accordingly, the judgment of conviction is affirmed.
ALIOTTA, J.P., PESCE and WESTON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 01, 2019