The People of the State of New York, Respondent,
against
Warren Banks, Appellant.




Ronnie James Ritz, for appellant.
Westchester County District Attorney, for respondent (no brief filed).

Appeal from a judgment of the City Court of Yonkers, Westchester County (Arthur J. Doran, III, J.), rendered July 21, 2016. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the fourth degree. Assigned counsel has submitted a brief in accordance with Anders v California (386 US 738 [1967]), seeking leave to withdraw as counsel.




ORDERED that the appeal is held in abeyance, the application by assigned counsel for leave to withdraw as counsel is granted and new counsel is assigned pursuant to article 18-B of the County Law to prosecute the appeal. New counsel is directed to serve and file a brief within 90 days after the date of this order and decision. The People may serve and file a respondent's brief within 21 days after the service upon them of the appellant's brief. Appellant's new counsel, if so advised, may serve and file a reply brief within seven days after service of the respondent's brief. Relieved counsel is directed to turn over all papers in his possession to the newly assigned counsel;
John P. Savoca, Esq.
P. O. Box 531
Yorktown Heights, NY 10598. 
Assigned counsel submitted an Anders brief setting forth the conclusion that there exist no nonfrivolous issues that could be raised on appeal (see Anders v California, 386 US 738 [1967]). A review of the record, however, reveals at least one nonfrivolous issue. Defendant was charged in a felony complaint with criminal possession of a weapon in the third degree (Penal Law § 265.02 [1]), a class D felony. The complaint was then converted, pursuant to CPL 180.50 by means of a notation, to a misdemeanor complaint charging criminal possession of a weapon in the fourth degree (Penal Law § 265.01), a class A misdemeanor. Defendant pleaded guilty to the misdemeanor complaint after waiving prosecution by information (see CPL 100.15, 100.40 [4]). We find that the misdemeanor complaint may be jurisdictionally defective in that it may have inadequately pleaded the charge of criminal possession of a weapon in the fourth degree (see generally People v Dreyden, 15 NY3d 100 [2010]; People v Tomassi, 35 Misc 3d 143[A], 2012 NY Slip Op 50940[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2012]).
We, therefore, hold the appeal in abeyance, grant assigned counsel's application to withdraw as counsel and assign new counsel to ascertain whether defendant desires to raise any issue that may subject him to risk, and to prosecute the appeal on defendant's behalf accordingly.
ADAMS, P.J., GARGUILO and EMERSON, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 21, 2019