The People of the State of New York, Respondent,
against
Hector Lopez, Appellant.




New York City Legal Aid Society (Bonnie C. Brennan of counsel), for appellant.
Queens County District Attorney (John M. Castellano, Johnnette Traill and William H. Branigan of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Queens County (John F. Zoll, J.), rendered March 9, 2016. The judgment convicted defendant, after a nonjury trial, of public lewdness, and imposed sentence.




ORDERED that the judgment of conviction is affirmed.
Defendant was convicted, following a nonjury trial, of public lewdness (Penal Law § 245.00 [a]).
Although defendant challenges the facial sufficiency of the accusatory instrument for the first time on appeal, because facial sufficiency "is jurisdictional . . . [it] may be raised on appeal even though defendant did not raise this contention in the Criminal Court" (People v Burca, 58 Misc 3d 147[A], 2018 NY Slip Op 50040[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018], citing, among other things, People v Dreyden, 15 NY3d 100, 103 [2010]). Since defendant did not waive his right to be prosecuted by information, the facial sufficiency of the instrument must be evaluated under the standards applicable to an information (see People v Kalin, 12 NY3d 225, 228 [2009]; People v Moore, 48 Misc 3d 143[A], 2015 NY Slip Op [*2]51337[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]).
To be facially sufficient, an accusatory instrument, together with any supporting documents accompanying it or filed in connection therewith, must set forth nonhearsay allegations that establish, if true, every element of the offense charged and the defendant's commission thereof (see CPL 100.15 [3]; 100.40 [1]; People v Alejandro, 70 NY2d 133 [1987]; People v Dumas, 68 NY2d 729 [1986]). "So long as the factual allegations of an information give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading" (People v Ocasio, 28 NY3d 178, 180 [2016] [internal quotation marks omitted]).
Here, the accusatory instrument charging defendant with public lewdness is facially sufficient. "A person is guilty of public lewdness when he or she intentionally exposes the private or intimate parts of his or her body in a lewd manner or commits any other lewd act . . . in a public place" (Penal Law § 245.00 [a]). It is alleged in the accusatory instrument, in sum and substance, that the deponent police officer had observed defendant and an apprehended other mutually "manipulate[ ]" each other's "exposed penis[es]" while "in public view of other people" inside of a publicly accessible restroom within the Union Turnpike subway station in Queens County. The allegations that defendant exposed his penis and masturbated with an apprehended other sufficiently support the "intimate parts"/"lewd act" element of the crime.
However, the broad definition in multiple articles of the Penal Law of "public place," as "a place to which the public or a substantial group of persons has access" (Penal Law § 240.00 [1]; see also e.g. Penal Law § 221.10 [prohibiting unlawful possession of marihuana "in a public place, as defined in section 240.00"]), was expressly excluded by the Legislature from being applied to Penal Law § 245.00 (see People v McNamara, 78 NY2d 626, 630 [1991]). Rather,
"[b]ecause the term 'public place' has no cut-and-dried meaning [vis-à-vis Penal Law § 245.00 (a)], it is necessary to interpret and apply the statute here in a manner that comports with its purpose[, i.e.,] to prevent the open flouting of societal conventions, [but] not condemn as debauchers of public morality persons who desire privacy and who take reasonable measures to secure it" (id. at 633 [some internal quotation marks omitted]).
Here, viewing the accusatory instrument, "which must be accorded a fair and not overly restrictive reading, and [be] construed in the light most favorable to the People" (People v Cox, 44 Misc 3d 134[A], 2014 NY Slip Op 51162[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]), we find that the deponent police officer's averment that he saw defendant inside a public restroom, with his penis exposed, engaging in sexual activity with another individual, sufficiently alleges the "public place" element of Penal Law § 245.00 (a), because it is a location where it would not be surprising to see members of the public (see McNamara, 78 NY2d at 633 ["That a member of the public may pass by is certainly part of the essence of a public place"]) [*3]and "the lewd acts committed there can, and likely would, be seen by the casual passerby" (id. at 635). 
We reject defendant's challenge to the legal sufficiency of the trial evidence. Evidence adduced at trial is legally sufficient to support a guilty verdict if it is "competent evidence which, if accepted as true, would establish every element of an offense charged and the defendant's commission thereof" (CPL 70.10 [1]). In other words, trial evidence is legally sufficient if, when it and all reasonable inferences therefrom are viewed in the light most favorable to the People (see People v Gordon, 23 NY3d 643, 649 [2014]; People v Contes, 60 NY2d 620, 621 [1983]), " 'any valid line of reasoning and permissible inferences could lead a rational person to the conclusion reached by the fact finder' " (People v Dubarry, 25 NY3d 161, 178 [2015], quoting People v Hines, 97 NY2d 56, 62 [2001]). 
In this case, the police officer, who was the sole witness at defendant's trial, testified that he had been patrolling the public restroom at the Union Turnpike subway station in Queens County from an adjoining, locked room. From this vantage point, the officer saw defendant enter the restroom and remain in a doorless stall, without urinating. Five minutes later, a second man entered the public restroom and stood at a urinal without urinating. The two men made repeated eye contact and then approached each other in an open area of the bathroom while simultaneously masturbating their exposed penises. Once close enough to do so, the men began masturbating each other, with nothing to obstruct any unsuspecting member of the public who might have entered the public restroom from seeing defendant's exposed penis and lewd act. This "valid line of reasoning" supports the court's finding that defendant was guilty of public lewdness.
Lastly, defendant's weight-of-the-evidence challenge is also meritless. Upon request by a defendant, this court "must conduct a weight of the evidence review" (People v Danielson, 9 NY3d 342, 348 [2007]). In so doing, this court accords great deference to the factfinder's opportunity to view the witnesses, hear their testimony, and observe their demeanor (see e.g. People v Mateo, 2 NY3d 383 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Here, given the officer's credible testimony, we find no basis to disturb the trial court's guilty verdict (see People v Sistachs-Hernandez, 59 Misc 3d 140[A], 2018 NY Slip Op 50607[U] [App Term, 1st Dept 2018] [finding that a public lewdness guilty verdict based upon eyewitness testimony that the defendant was "masturbating in a public bathroom inside the Port Authority Bus Terminal" was not against the weight of the evidence]).
Accordingly, the judgment of conviction is affirmed.
PESCE, P.J., WESTON and ELLIOT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 07, 2019