The People of the State of New York, Respondent,
against
Croyton Fraser, Appellant. 




New York City Legal Aid Society (Elizabeth L. Isaacs of counsel), for appellant.
Queens County District Attorney (John M. Castellano, Johnnette Traill, Nancy Fitzpatrick Talcott and Kathryn E. Mullen of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Queens County (Gia L. Morris, J.), rendered September 28, 2016. The judgment convicted defendant, upon his plea of guilty, of disorderly conduct, and imposed sentence. The appeal brings up for review so much of an order of that court dated September 28, 2016 as denied the branch of defendant's motion seeking to dismiss the accusatory instrument on facial insufficiency grounds.




ORDERED that the judgment of conviction is reversed, on the law, so much of the order dated September 28, 2016 as denied the branch of defendant's motion seeking to dismiss the accusatory instrument on facial insufficiency grounds is vacated and that branch of defendant's motion is granted.
Defendant was charged in an accusatory instrument with criminal possession of a forged instrument in the third degree (Penal Law § 170.20). The instrument alleged that a police officer had observed defendant operating a motor vehicle with a forged Virginia license plate, that had the plate number and state information handwritten in black marker on a piece of computer paper, affixed to the rear window. The word "Virginia" was misspelled and there was no license plate affixed to the rear of the vehicle that defendant was operating. The accusatory instrument further alleged that defendant had admitted to the police officer that he had written the information on that piece of paper and then affixed it to the window in case he was stopped by [*2]the police, as the vehicle was registered to a relative who was waiting for the real license plate. The officer further alleged in the accusatory instrument that his conclusion that this item was forged was based upon his training in the detection and identification of forged instruments. Defendant moved to, among other things, dismiss the accusatory instrument on the ground that it was facially insufficient. In an order dated September 28, 2016, the Criminal Court denied that branch of defendant's motion. After waiving prosecution by information, defendant pleaded guilty to an uncharged count of disorderly conduct (Penal Law § 240.20) in satisfaction of the accusatory instrument and was sentenced to a conditional discharge. On appeal, defendant again challenges the facial sufficiency of the accusatory instrument. 
"A valid and sufficient accusatory instrument is a nonwaivable jurisdictional prerequisite to a criminal prosecution" (People v Case, 42 NY2d 98, 99 [1977]; see also People v Dumay, 23 NY3d 518, 522 [2014]; People v Dreyden, 15 NY3d 100, 103 [2010]). Thus, the facial insufficiency of an accusatory instrument constitutes a jurisdictional defect which is not forfeited by a defendant's guilty plea (see Dreyden, 15 NY3d at 103; People v Konieczny, 2 NY3d 569, 573 [2004]). As defendant expressly waived the right to be prosecuted by information, the accusatory instrument must be evaluated under the standards that govern a misdemeanor complaint (see Dumay, 23 NY3d at 524; see also CPL 100.15, 100.40 [4]; People v Dumas, 68 NY2d 729, 731 [1986]). Since defendant pleaded guilty to the uncharged lesser offense of disorderly conduct, for this accusatory instrument to be found facially sufficient, it had to provide reasonable cause to believe that defendant had committed the charged offense of criminal possession of a forged instrument in the third degree (see People v Mason, 62 Misc 3d 75 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]; see also CPL 100.40 [4] [b]).
A person criminally possesses a forged instrument in the third degree when, "with knowledge that it is forged and with intent to defraud, deceive or injure another, he utters or possesses a forged instrument" (Penal Law § 170.20). A forged instrument is defined as "a written instrument which has been falsely made, completed or altered" (Penal Law § 170.00 [7]). A person "falsely makes" a written instrument "when he makes or draws a complete written instrument in its entirety, or an incomplete written instrument, which purports to be an authentic creation of its ostensible maker or drawer, but which is not such either because the ostensible maker or drawer is fictitious or because, if real, he did not authorize the making or drawing thereof" (Penal Law § 170.00 [4]). However, "[t]he forged character of a document does not depend so much on whether it contains a falsehood, but on whether, on its face, it misrepresents its authenticity" (People v Briggins, 50 NY2d 302, 306 [1980]). 
Here, based upon the factual allegations as to the nature of the sign, we find that the accusatory instrument failed to describe a license plate that had been crafted to "misrepresent[ ] its authenticity" (id.) so as to pass as an officially issued Virginia license plate. Thus, it cannot be said that the sign constituted a forged instrument within the meaning of article 170 of the Penal Law since, on it face, it did not "purport[ ] to be an authentic creation of its ostensible maker" (Penal Law § 170.00 [4]; see Penal Law § 170.00 [7]) created "with [the] intent to defraud, deceive, or injure another" (Penal Law § 170.20). Consequently, the accusatory [*3]instrument was facially insufficient to charge defendant with criminal possession of a forged instrument in the third degree.
Accordingly, the judgment of conviction is reversed, so much of the order dated September 28, 2016 as denied the branch of defendant's motion seeking to dismiss the accusatory instrument on facial insufficiency grounds is vacated and that branch of defendant's motion is granted.
PESCE, P.J., WESTON and ELLIOT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 11, 2019