The People of the State of New York, Respondent,
against
Warren Banks, Appellant. 




John P. Savoca, for appellant.
Westchester County District Attorney (Raffaelina Gianfrancesco and Steven A. Bender of counsel), for respondent.

Appeal from a judgment of the City Court of Yonkers, Westchester County (Arthur J. Doran, III, J.), rendered July 21, 2016. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the fourth degree, and imposed sentence.




ORDERED that the judgment is reversed, on the law, defendant's plea of guilty is vacated, and the accusatory instrument is dismissed.
Defendant was charged in a felony complaint with criminal possession of a weapon in the third degree (Penal Law § 265.02 [1]), a class D felony. The complaint was then converted, pursuant to CPL 180.50, by means of a notation, to a misdemeanor complaint charging criminal possession of a weapon in the fourth degree (Penal Law § 265.01), a class A misdemeanor. Defendant pleaded guilty to the misdemeanor complaint after waiving prosecution by information (see CPL 100.15, 100.40 [4]). Defendant appealed the judgment of conviction, and defendant's prior counsel filed an Anders brief (Anders v California, 386 US 738 [1967]). This court held the appeal in abeyance upon a finding that the Anders brief was inadequate, and new counsel was assigned to prosecute the appeal (63 Misc 3d 130[A], 2019 NY Slip Op 50404[U]).
Defendant now argues, among other things, that the misdemeanor complaint charging him with criminal possession of a weapon in the fourth degree was facially insufficient. The People agree.
Given that defendant's claim regarding the misdemeanor complaint charging him with criminal possession of a weapon in the fourth degree is jurisdictional in nature, it is not precluded by defendant's waiver of his right to appeal or his guilty plea (see People v Oliveri, 49 AD3d 1208 [2008]). A misdemeanor complaint must "set forth facts that establish reasonable cause to believe that the defendant committed the charged offense" (People v Dumay, 23 NY3d 518, 522 [*2][2014]; see CPL 100.40 [4]), and provide "the defendant 'with sufficient notice of the charged crime to satisfy the demands of due process and double jeopardy' " (People v Dumay, 23 NY3d at 524, quoting People v Dreyden, 15 NY3d 100, 103 [2010]). " 'Reasonable cause to believe that a person has committed an offense' exists when evidence or information which appears reliable discloses facts or circumstances which are collectively of such weight and persuasiveness as to convince a person of ordinary intelligence, judgment and experience that it is reasonably likely that such offense was committed and that such person committed it" (CPL 70.10 [2]).
The factual part of the misdemeanor complaint herein alleges that, at a specified date and time, defendant "did possess a gravity knife that was field tested and opened by the use of centrifugal force." Notably, although the accusatory instrument did indicate that the knife opened with centrifugal force, it did not indicate that it locked automatically in place (see Penal Law § 265.00 [5]; People v Zuniga, 303 AD2d 773, 774 [2003]; cf. People v Smart, 43 Misc 3d 131[A], 2014 NY Slip Op 50613[U] [App Term, 2d Dept, 2d, 11th, & 13th Jud Dists 2014]; People v Shuff, 42 Misc 3d 141[A], 2014 NY Slip Op 50217[U] [App Term, 2d Dept, 2d, 11th, & 13th Jud Dists 2014]). Therefore, we find that the accusatory instrument is jurisdictionally defective (see People v Dreyden, 15 NY3d 100; People v Tomassi, 49 Misc 3d 135[A], 2015 NY Slip Op 51477[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2015]). In light of the foregoing, we need not reach defendant's remaining contention.
Accordingly, the judgment is reversed, defendant's plea of guilty is vacated, and the accusatory instrument is dismissed.
ADAMS, P.J., RUDERMAN and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: January 30, 2020