People v Levingston (2023 NY Slip Op 51059(U))

[*1]

People v Levingston (Lee)

2023 NY Slip Op 51059(U)

Decided on October 11, 2023

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 11, 2023
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Brigantti, J.P., Tisch, Michael, JJ.

571159/15

The People of the State of New York, Respondent, 
against
Lee Levingston, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Guy H. Mitchell, J.), rendered November 5, 2015, convicting him, upon his plea of guilty, of disorderly conduct, and imposing sentence.

Per Curiam.
Judgment of conviction (Guy H. Mitchell, J.), rendered November 5, 2015, affirmed.
Since defendant waived prosecution by information, the accusatory instrument is assessed under the reasonable cause standard applicable to a misdemeanor complaint (see People v Dumay, 23 NY3d 518, 522 [2014]). So viewed, the accusatory instrument was jurisdictionally valid because it described facts of an evidentiary nature establishing reasonable cause to believe that defendant was guilty of violating New York City Department of Parks and Recreation Rules (56 RCNY) § 1-04(o), which punishes one who "[use[s] a bench or other sitting area so as to interfere with its use by other persons, including storing any materials thereon." The factual allegations that defendant was observed inside of Tenahey Playground, a public park, at 1:30 p.m., "lying outstretched across a park bench in a manner that obstructed others from using the bench," while "approximately 10 other people" were present in the park, supplied "defendant with sufficient notice of the charged crime to satisfy the demands of due process and double jeopardy" (People v Dreyden, 15 NY3d 100, 103 [2010]). Contrary to defendant's present contention, the pleaded facts support a reasonable inference that his use of the bench "interfere[d] with its use by other persons" (56 RCNY § 1-04[o]; see e.g. People v Richards, 61 Misc 3d 133[A], 2018 NY Slip Op 51458[U] [App Term, 1st Dept 2018]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: October 11, 2023