People v Jinyu Wang (2023 NY Slip Op 51374(U))

[*1]

People v Jinyu Wang

2023 NY Slip Op 51374(U)

Decided on December 18, 2023

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 18, 2023
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Brigantti, Tisch, JJ.

570237/19

The People of the State of New York, Respondent,
against
Jinyu Wang, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Laurie Peterson, J.), rendered January 16, 2019, convicting her, upon her plea of guilty, of disorderly conduct, and imposing sentence.

Per Curiam.
Judgment of conviction (Laurie Peterson, J.), rendered January 16, 2019, modified, as a matter of discretion in the interest of justice, to the extent of vacating the mandatory surcharge and fees, and otherwise affirmed.
Since defendant waived prosecution by information, the accusatory instrument is assessed under the reasonable cause standard applicable to a misdemeanor complaint (see People v Dumay, 23 NY3d 518, 522 [2014]). So viewed, the accusatory instrument was jurisdictionally valid because it described facts of an evidentiary nature establishing reasonable cause to believe that defendant was guilty of unlawful possession of personal identification information in the third degree, pursuant to Penal Law § 190.81, which makes it illegal to "knowingly possess[]" another person's "credit card account number or code," among other personal identification information, while "knowing such information is intended to be used in furtherance of the commission of a crime defined in this chapter." The factual allegations that, upon defendant's July 10, 2018 arrest on another matter, police discovered personal identifying information of two individuals, including names and credit card numbers, on defendant's cell phone, and that neither individual gave defendant authority to possess such information, supplied "defendant with sufficient notice of the charged crime to satisfy the demands of due process and double jeopardy" (People v Dreyden, 15 NY3d 100, 103 [2010]). Contrary to defendant's present contention, the pleaded facts, including defendant's possession of credit card information of two individuals without consent, support a reasonable inference that defendant intended to use such information in furtherance of the commission of an offense.
Based on our own interest of justice powers and the People's consent, we vacate the [*2]surcharge and fees imposed at sentencing (see People v Chirinos, 190 AD3d 434 [2021]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: December 18, 2023