People v Rowland (2025 NY Slip Op 52108(U))

[*1]

People v Rowland

2025 NY Slip Op 52108(U)

Decided on May 19, 2025

Criminal Court Of The City Of New York, Bronx County

Lewis, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 19, 2025
Criminal Court of the City of New York, Bronx County

The People of the State of New York,

againstYakima Rowland, Defendant.

Docket No. CR-021705-24BX

Defendant: Steven Kessler, 18B PanelPeople: Bronx County District Attorney's Office by ADA Teresa Piccolo

Daniel M. Lewis, J.

Defendant is charged with one count of assault in the third degree, PL § 120.00(1), a class A misdemeanor; and one count of harassment in the second degree, PL § 240.26, a violation.
On April 6, 2025, Defendant moved to dismiss pursuant to CPL § 170.30(1)(a), arguing that the People's accusatory instrument is facially insufficient. If denied, Defendant moves to suppress "all physical evidence" and statements made by Defendant, or, in the alternative, for Mapp/Dunaway and Huntley hearings. The People filed their response on April 25, 2025, arguing that the accusatory instrument is facially sufficient and requesting denial of the remainder of Defendant's motion in its entirety.
For the reasons explained below, Defendant's motion to dismiss or reduce the accusatory instrument for facial insufficiency is DENIED. Defendant's requests for suppression and for Mapp/Dunaway and Huntley hearings are also DENIED. All other issues are left to the discretion of the trial court.
 PROCEDURAL HISTORYThe People allege that on or about July 18, 2024, Defendant pushed the complaining witness, Thomas Johnson, to the ground and then threw a plastic cup of orange juice on their person, thereby causing the complaining witness to suffer substantial pain and a minor laceration to the left elbow, and to experience annoyance, alarm and fear for their physical safety.
On August 25, 2024, Defendant was arraigned on the criminal court complaint. On October 7, 2024, the People filed and served a supporting deposition, the complaint was deemed an information, and Defendant was arraigned on the information. On November 25, 2025, the People filed a certificate of compliance and statement of readiness. On February 4, 2025, Defendant requested a motion schedule. On February 6, 2025, the People filed a supplemental certificate of compliance and a statement of readiness.

 DISCUSSION
[*2]Facial InsufficiencyUnder CPL § 170.35(1), the court may dismiss an information that is "not sufficient on its face pursuant to . . . [CPL § 100.40]." (CPL § 170.35[1]; and see CPL § 170.30[1][a].) In pertinent part here, an accusatory instrument is sufficient when "[n]on-hearsay allegations of the factual part of the information and/or of any supporting deposition establish, if true, every element of the offense charged and the defendant's commission thereof." (CPL § 100.40[1][c].) The sufficiency of the accusatory instrument is a "nonwaivable jurisdictional prerequisite." (People v. Dreyden, 15 NY3d 100, 102 [2010], People v Alejandro, 70 NY2d 133, 135 [1987].) Courts are cautioned against overly technical readings when analyzing facial sufficiency. (People v. Konieczny, 2 NY3d 569, 575 [2004], quoting People v. Casey, 95 NY2d 354, 360 [2000].)
To adequately plead assault in the third degree pursuant to PL § 120.00(1), the complaint must allege the defendant 1) with intent to cause physical injury to another person; 2) causes such injury to such person or to a third person. PL § 10.00(9) defines "physical injury" as "impairment of physical condition or substantial pain." Nonetheless, Defendant contends that an accusatory instrument "[m]erely stating that one suffers from substantial pain to mirror the statutory language should not satisfy the demands required for assault in the third degree." (Affirmation of Defendant at 2.) Although not cited in Defendant's motion, the Court notes that "'petty slaps, shoves, kicks and the like delivered out of hostility, meanness and similar motives' are not within the definition" (Matter of Philip A., 49 NY2d 198, 200 [1980], quoting Temporary Commission on Revision of the Penal Law and Criminal Code at 330); and that substantial pain is "more than slight or trivial pain...[it] need not, however, be severe or intense" (People v. Chiddick, 8 NY3d 445, 447 [2007]). However, to adopt Defendant's argument would not only give the instant complaint the very "overly technical reading" cautioned against in People v. Konieczny (supra at 575), but would also ignore the remaining germane facts within the People's information that clearly support facial sufficiency.
The instant information alleges that Defendant's act resulted in the complaining witness falling to the ground. Thus, it was not the sort of "petty shove" referred to in Matter of Philip A. (supra at 200), but instead an effort done with enough force to knock the complaining witness off their feet. Additionally, the information alleges Defendant's actions caused the complaining witness to suffer "substantial pain," one of the two defining hallmarks of physical injury under PL § 10.00(9). For facial sufficiency purposes, this is enough. However, the information also alleges that Defendant's actions caused a minor laceration to the complaining witness's elbow, clearly an "impairment of physical condition." PL § 100.00(9). In other words, even if the Court accepted Defendant's assertion that the complaining witness's pain did not rise to the level of "substantial pain," the information nonetheless would remain facially sufficient due to the allegation of the complaining witness's physical injury. Finally, the circumstances surrounding the altercation, such as the verbal argument between Defendant and the complaining witness and the allegation that Defendant threw orange juice on the complaining witness, show that Defendant acted intentionally in that Defendant's "conscious objective [was] to cause such result" as occurred here. (PL § 15.05[1].)
Mapp/Dunaway and Huntley HearingsDefendant's motion also requests a Mapp/Dunaway hearing but makes no allegations of fact that specified any physical property or evidence recovered from Defendant at the time of her arrest. (Affirmation of Defendant at 3.) Nor does the accusatory instrument or the People's papers indicate that Defendant was searched, or that physical property or any other type of evidence was recovered.
Regarding Defendant's motion to suppress involuntary statements, the People's response states that they did not serve CPL §710.30(1)(a) statement notice. (People's memorandum of law at 4.) Thus, there is no statement to suppress or the need for a Huntley hearing to determine the same.
The Court further notes that Defendant's motion fails to set forth any factual basis that the arrest was not supported by probable cause. Normally, a Dunaway hearing is part and parcel of a Mapp or Huntley hearing. However, as there is no need for either here, it cannot follow that this Court should grant a Dunaway hearing simply as a matter of course, and given the aforementioned lack of any supporting facts, this Court declines to do so. (See People v. Mendoza, 82 NY2d 415 [1993]; People v. Rodriguez, 34 AD3d 320 [1st Dept. 2006].) Therefore, Defendant's requests to suppress seized physical evidence, to suppress involuntary statements to law enforcement, and to grant Mapp/Dunaway and Huntley hearings are denied.

CONCLUSION
For the foregoing reasons, Defendant's motion to dismiss or reduce for facial insufficiency is DENIED. Further, Defendant's motion for Mapp/Dunaway and Huntley hearings is DENIED. All other matters are reserved for the trial court.
The foregoing constitutes the decision and order of the Court.
Dated: 19 May 2025Bronx, New YorkDANIEL M. LEWIS, J.C.C