People v Nunez (2026 NY Slip Op 50207(U))

[*1]

People v Nunez (Edwin)

2026 NY Slip Op 50207(U)

Decided on February 13, 2026

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 13, 2026
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : WAVNY TOUSSAINT, P.J., MARINA CORA MUNDY, LISA S. OTTLEY , JJ

2022-670 Q CR

The People of the State of New York, Respondent,
againstEdwin Nunez, Appellant. 

New York City Legal Aid Society (Nicholas C. Pulakos of counsel), for appellant.
Queens County District Attorney (Johnnette Traill, Nancy Fitzpatrick Talcott and Grace O'Brien of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Queens County (Marty J. Lentz, J.), rendered July 15, 2022. The judgment convicted defendant, upon a plea of guilty, of criminal possession of a controlled substance in the seventh degree, and imposed sentence.

ORDERED that the judgment of conviction is affirmed.
Defendant was charged with one count of criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03). The pertinent part of the accusatory instrument states that the deponent police officer was informed by a lieutenant that the lieutenant had observed defendant hand United States currency to another person, who then handed defendant "a small object consistent with narcotics packaging," after which defendant placed the object into his pocket. Thereafter, the deponent recovered "a quantity of cocaine wrapped in a piece of paper inside the defendant's pant pocket." The deponent stated that "his conclusion that the substance recovered is cocaine is based upon his experience as a police officer and in his training in the identification and packaging of controlled substances."
After waiving prosecution by information, defendant pleaded guilty to criminal possession of a controlled substance in the seventh degree, and sentence was imposed on July 15, 2022. On appeal, defendant contends that the accusatory instrument was jurisdictionally defective because it failed to establish the basis for the arresting officer's conclusion that an undescribed substance wrapped in a piece of paper was cocaine.
"A valid and sufficient accusatory instrument is a nonwaivable jurisdictional prerequisite to a criminal prosecution" (People v Case, 42 NY2d 98, 99 [1977]; see People v Dumay, 23 NY3d 518, 522 [2014]; People v Dreyden, 15 NY3d 100, 103 [2010]). Thus, the facial insufficiency of an accusatory instrument constitutes a jurisdictional defect which is not forfeited by a defendant's guilty plea (see Dreyden, 15 NY3d at 103; People v Konieczny, 2 NY3d 569, 573 [2004]). Here, since defendant expressly waived the right to be prosecuted by information, the accusatory instrument must be evaluated under the standards that govern a misdemeanor complaint (see People v Aragon, 28 NY3d 125, 127 [2016]; Dumay, 23 NY3d at 524; see also CPL 100.15, 100.40 [4]), which is sufficient on its face when it alleges facts of an evidentiary character supporting or tending to support the charge (see CPL 100.15 [3]) and provides reasonable cause to believe that the defendant committed the crime charged (see CPL 100.40 [4] [b]; People v Dumas, 68 NY2d 729, 731 [1986]). While the law does not require that the accusatory instrument contain the most precise words or phrases most clearly expressing the charges, the offense and factual bases therefor must be sufficiently alleged (see Konieczny, 2 NY3d at 575). "So long as the factual allegations of an information give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading" (People v Casey, 95 NY2d 354, 360 [2000]; see Konieczny, 2 NY3d at 575).
Pursuant to Penal Law § 220.03, "[a] person is guilty of criminal possession of a controlled substance in the seventh degree when he or she knowingly and unlawfully possesses a controlled substance." Standing alone, a conclusory statement that a substance seized from a defendant was a particular type of controlled substance does not meet the reasonable cause requirement (see Dumas, 68 NY2d at 731). Rather, the factual allegations must establish the basis of the police officer's belief that the substance seized was a particular type of controlled substance (see People v Smalls, 26 NY3d 1064, 1067 [2015]; People v Jennings, 22 NY3d 1001, 1002 [2013]; People v Kalin, 12 NY3d 225, 231 [2009]). The Court of Appeals has noted that one way to achieve this goal of providing support or an explanation for the officer's conclusion is that the officer could set forth briefly, with reference to his or her training and experience, how he or she formed that belief (see Dreyden, 15 NY3d at 104; Kalin, 12 NY3d at 231-232). Pursuant to Kalin and its progeny, an accusatory instrument charging a violation of Penal Law § 220.03 is sufficient when it "adequately identifies the particular drug, alleges that the accused possessed that illegal substance, states the officer's familiarity with and training regarding the identification of the drug, provides some information as to why the officer concluded that the substance was a particular type of illegal drug, and supplies sufficient notice of the charged crime to satisfy the demands of due process and double jeopardy" (Kalin, 12 NY3d at 231-232).
The factual allegations in Kalin, which were found to be sufficient for an information—which has "significantly more stringent facial sufficiency requirements" than a misdemeanor complaint (Smalls, 26 NY3d at 1067)—as well as the allegations in People v Lakins (63 Misc 3d 51 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]) are similar to the factual allegations set forth in the case at bar. Here, as in Kalin and Lakins, "the accusatory instrument identified the particular drug; alleged that defendant possessed that illegal substance; stated the officer's familiarity with and training regarding the identification and packaging of the drug; and, by setting forth the type of packaging in which it was contained, provided some [*2]information as to why the officer concluded that the substance was a particular type of illegal drug—herein, cocaine" (Lakins, 63 Misc 3d at 55). Consequently, we find that the accusatory instrument was not jurisdictionally defective as it alleged facts of an evidentiary character supporting or tending to support the charge (CPL 100.15 [3]), "set forth facts that establish[ed] reasonable cause to believe that [ ] defendant committed the charged offense" (Dumay, 23 NY3d at 522; see CPL 100.40 [4]), and provided defendant "with sufficient notice of the charged crime to satisfy the demands of due process and double jeopardy" (Dreyden, 15 NY3d at 103).
Accordingly, the judgment of conviction is affirmed.
TOUSSAINT, P.J., MUNDY and OTTLEY, JJ., concur.
ENTER:
Jennifer Chan
Chief Clerk
Decision Date: February 13, 2026